OPINION of the Court, by
Judge Owsley
— This was an action brought in the name of the-commonwealth for the benefit of Philips and Hunt, in the court below, against Taylor, sheriff, and others his securities, on a if «/v* l j sheriff’s bond. .
. The declaration charges the execution of a bond by Taylor and his securities, iñ the usual form, and alleges for breach that “ Philips and Hunt, on the 5th day of March 1811, sued out of the clerk’s office of Jefferson circuit court a writ of execution commonly called a fi. No. —, against John G. Beeler* wherein and whereby the said sheriff was commanded to make of the es-of the said John C. Beeler the sum of $ 721, sustained in damages by the said Philips and Hunt, by reason of the nonperformance of a certain promise and assumption of the said John C. Beeler to the sail Phi-^'Ps an<í Hunt lately made ; and also $10 16 cents adjudged to them for their costs, &c. : which execution was on the - — — day of March 1811, delivered to Thomas Shipp, deputy sheriff for said Taylor, sheriff as who at the time of delivery aforesaid, at the circuit aforesaid, and many other times thereafter,' had van°us and divers opportunities or levying the said execution upon the estate of the said John G. Beeler, who at the timé of the delivery of the execution, and before the return day had sufficient property to satisfy said execution in the said circuit, but the said deputy *357 negligently, fraudulently and collusiyely suffered the estate of the said Beeler to be transported and removed but of the said circuit and commonwealth, and falsely, fraudulently and collusively returned by way of endorsement upon said execution, ‘no property found and the plaintiff avers the return of the said sheriff is altogether false and fraudulent, and that he had v$rious'opi portunities of levying said execution,” &c.
. 4 j“dgme*t rfff bar further proceeding» on the
of the execution «not the mea» í?’* ,vam*' Se5> ouc rn“ac* damage ^“thined to be eircumftance* each
The defendants in the court below (the appellants here) filed a plea in substance traversing the assignment of breaches ; whereupon issue was joined to the country. On the trial of the issue in the court below, « J « . . , r - * r , 7 it appeared in evidence, from an inspection ot the dorsements on the execution of Philips and Hunt against John C. Beeler, that an endorsement had beep made by the deputy, of the execution having come to hand on the 11th of March 1811, but which was erased and a further endorsement made of its having come to hand the 24th of March 1811.,
Edward Tyler, a deputy clerk, was then introduced as a witness, who proved the execution was delivered to the deputy sheriff the 11th of March, and an entry made on the execution docket of the delivery on that day, but that an alteration had been since made by some person unknown, by which it appears to have been deli■vered the 24th of March ; and the alteration was discovered by him one day when the deputy had been in the office examining the execution docket.
The admission of this evidence was opposed by the defendants in the court below, but admitted by the •court. We will therefore first inquire into the correctness of the decision of that court in admitting the evidence.
It is objected that because the evidence tended to contravene the record of the entry on the execution docket, when the execution was delivered, it should not have been received. We have been however unable to find any provision in the law making it the duty of clerks to note the time when executions are delivered to sheriffs, and if no such provision exists, the entry of the clerk without the authority of law, cannot give it the authenticity of a record ; and consequently the admission pf the parol evidence cahoot be brought within thein-Puehcé ol the rale from whence it is urged it should *358 have been rejected. If, however, such a provision could f°und to exist, still we should entertain the opinion that no principle of law nor rule of evidence forbids the admission of such evidence : for we cannot suppose ⅜ party by his fraudulent alteration of a record should be permitted to make evidence for hiijnself, and. then on the principle of the sanctity of records repel any attempt to ascertain the fact. Such doctrine would be attended with too many evil consequences to receive the sanction of this court, unless supported by the most strong and conclusive authority. We are of opinion, therefore, the evidence was properly admitted.
Exceptions were taken to the opinion of the court below in admitting the evidence of John C. Beeler* against whom the execution issued, to prove he had, between the 11th and 24th of March 18.11, property sufficient to satisfy the execution. We are therefore next led to examine the competency ot this evidence. It is objected, first, that in as much as the endorsement on the execution now imports that it came to hand the 54th, no evidence should have been admitted of what property Beeler: had prior to that date. This objection is evidently entitled to no weight s for although the law requires and iryóins it as a duty on sheriffs to endorse the time when they receive executions, such endorsement when made cannot conclude the plaintiff in the execution in an action against the sheriff for failing to perform his duty in levying an execution, from shewing the true time when the execution was delivered to the sheriff. Nor was it necessary, as was urged in ..argument, that a suit should, have been brought for failing to endorse the true time of receiving the execution, to have justified the evidence in relation to that fact: for if the execution was actually received the 1 i tn, and the sheriff failed to perform, his duty in levying it before the 24th, a cause of action accrued to the plaintiffs in the execution before that period ; and by nto improper or illegal aqi of the sheriff, in making an incorrect enffor&e-. ment, could that cause of action be evaded. It is, secondly, objected that the evidence of John Q.^Beelyr was, inadmissible, because it is contended that a judgment against the sheriff in this case will bar any further pro», ceedings on the execution against Beeler. Were the premises assumed, that a judgment against the sheriff *359 In an action like the present would bar any further pfo-eeedirigs against the defendant" in the execution, the conclusion f rom thence endeavored to be deduced would necessarily follow. We are however of opinion that a judgment against the sheriff will not have such effect. By the sheriff’s failure to levy the execution," he does not thereby necessarily become liable to the full amount df the demand of the plaintiff in the execution. It is true the sheriff is bound by the duties of his office faithfully and impartially to execute all process ta hita delivered ; and for a failure to perform the duties of his. office, according t® the well known principles of the common law, the person sustaining an injury has a right to recover damages commensurate to the injury. The extent of the injury is not however in all cases to be measured by the amount of the demand for which there has been a failure to execute process : for it may frequently happen that but inconsiderable damages aré sustained by the failure of the sheriff to perform his duty ; as if the defendant in the execution is at the time of the sheriff’s delinquency able to pay, and continues solvent and actually pays the demand in a short timé thereafter, the damage is not so great, nor should as tnuch be recovered as if by the delinquency of the sheriff nothing could thereafter ‘be made out of the defendant in the execution.
According to the rules of the comtnon law, therefore* fbr a failure in the sheriff to do his duty in levying an execution, he did not become necessarily liable,. to the plaintiff for the full amount thereof, but was liable to the actual damage sustained, to be manifested by the particular circumstances of each case. Nor is it conceived the statutory provisions requiring the sheriff to give ¿bond and security for a faithful compliance with his duty, has in this respect changed the rules of the common law; but has given a cumulative remedy for the reco* livery of that with which, according to the rules of law theretofore, the sheriff" himself was chargeable.
Asf therefore, the sheriff in cases like the present is ■ only liable to the actual damage occasioned By his delinquency, it seems to follow that a judgment against him will not bar any farther proceedings on the execu- ■ tkqj against Beeler ; and hence it inevitably results that *360 Beeler is ,not interested in the decision of this case, consequently a,competent witness. anti
judgment affirmed with costs and damages;