## Stewart v. Wheeler.

(Decided June 21, 1927.)

## Appeal from Bourbon Circuit Court.

1. Fraudulent Conveyances.—Under Ky. Stats., section 2127, burden is on creditor attacking deed from husband to wife to show that conveyance was made without valuable consideration and in fraud of creditor's rights.

2. Fraudulent Conveyances.—Conveyance by husband to wife of real estate is subject to close scrutiny, when conveyance is attacked by husband's creditor.

3. Fraudulent Conveyances.—In suit by creditor, under Ky. Stats., section 1906, to set aside deed from debtor to wife, alleged to be fraudulent as to creditors, burden was on defendant to show that transaction between her and her husband, was free from fraud, where facts and circumstances had been introduced in evidence from which fraudulent nature of conveyance might be inferred.

4. Appeal and Error.—Judgment of chancellor on basis of evidence heard at trial has great weight with Court of Appeals.

5. Fraudulent Conveyances.—In suit by husband's creditor, under Ky. Stats., section 1906, to set aside conveyance from husband to wife, executed following day after institution of previous suit against husband, action of chancellor in setting aside deed as fraud on creditors held not error.

CHAS. A. McMILLAN for appellant.

PENDLETON & BUSH for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

William J. Stewart purchased from G. W. Wheeler a small farm in Bourbon county, containing about 26 acres, for the agreed price of $10,487. He paid $3,495.75 in cash and executed two notes for a like amount to cover the balance of the purchase money. This transaction took place in 1921.

The said Stewart purchased another farm for which he agreed to pay $12,600. This farm contained about 42 acres. He paid $6,000 in cash, and executed two notes for the unpaid balance.

Wheeler assigned the two notes executed to him to the Clark County National Bank. Matters thus stood when in February, 1922, both the bank and Wheeler became insistent that the Wheeler notes be paid. Stewart made a trip to Winchester in an effort to arrange matters on some satisfactory basis, and he offered to mortgage

the 42-acre farm to better secure the Wheeler notes. The bank did not agree with Stewart; consequently a suit was instituted, judgment obtained, the lien enforced, and the 26-acre tract sold to satisfy the Wheeler notes. It did not satisfy the notes, and some months thereafter Wheeler instituted his suit seeking to set aside a deed which William Stewart had executed to his wife, Mary D. Stewart. Wheeler's suit was instituted under section 1906, Ky. Stats.

The record discloses that Stewart executed a deed to his wife for the 42-acre tract the next day after the bank instituted suit against him on the Wheeler notes. The record also discloses that Mrs. Stewart knew all about the financial affairs of her husband, or at least she knew that he was owing the Wheeler notes and that suit had been instituted against him to recover judgment thereon. Mrs. Stewart contends that she purchased the land in good faith from her husband, and that she paid a valuable consideration therefor, and for that reason she is entitled to hold the property as her own and it should not be subjected to the debt of Wheeler. She claims that her husband was indebted to her in the sum of $1,992.10 for loans she had made to him from year to year beginning in 1911. She introduced a book in evidence showing entries had been made by her from time to time, and we have no disposition to dispute what she says about the matter. The money that she had loaned her husband was her butter and egg money and such like, derived from the sale of such things from the farm. In addition to the amount which her husband was owing her, she assumed the payment of the last note against the 42-acre tract of land; the first one having been paid. After the deed was executed to her she borrowed $2,700 from the Mutual Benefit Life Insurance Company with which to pay off the purchase-money note which she had agreed to satisfy, and in addition she borrowed $500 from John J. Redmon for the same purpose. She has paid the interest and a part of the principal to Redmon, and has paid the interest on the insurance company loan.

The suit instituted by Wheeler is not to have an assignment declared by reason of a preferential conveyance to satisfy the debt of one creditor to the prejudice of another, but is under section 1906, Ky. Stats., on the ground that the conveyance was fraudulently made by Stewart for the purpose of cheating, hindering, and delaying his creditors.

Under the common law, a wife could not contract with her husband and become the owner of property by purchase from him, but that has been changed by the act of 1894, which is now section 2127, Ky. Stats. By this statute the common-law rule was changed, and it was no longer necessary for the wife to show by clear and satisfactory evidence that a conveyance to her from the husband was for a valuable consideration when the conveyance was attacked by a creditor. It was so held in the case of Guthrie v. Hill, 138 Ky. 181, 127 S. W. 767. Ordinarily the burden is on the creditor attacking the deed to show that the conveyance was made without a valuable consideration and in fraud of the rights of the creditor. The burden is on the creditor. Cogar v. National Bank of Lancaster, 151 Ky. 470, 152 S. W. 278; Stix v. Calendar, 155 Ky. 806, 160 S. W. 514; Owens v. Childress, 189 Ky. 676, 255 S. W. 487. The attorney representing the appellant argues fairly and rather plausibly that, as the burden was on the appellee, Wheeler, to show that the conveyance was without consideration and in fraud of his rights, there is not sufficient evidence in the record to overturn the presumption in her favor that the conveyance to her was free from fraud. He makes a good plea for his client, but it appears to us that nearly everything is against him.

The opinion in the case of Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050, appears to us conclusive against the contention of counsel for appellant. It was there held that a transfer made by a debtor in anticipation of a suit against him, or after a suit has been begun, or while it is pending against him is a badge of fraud. It has also been so held in the case of Lillard v. McGee, 7 Ky. (4 Bibb) 165; Slater v. Sherman, 68 Ky. (5 Bush) 206; Anglin v. Conley, 114 Ky. 741, 71 S. W. 926, 24 Ky. Law Rep. 1551; Hale v. Proffit, 160 Ky. 440, 169 S. W. 851.

In the case of Allen v. Ligon, supra, it was further held that a transfer of all, or nearly all, of the debtor's property, when he is insolvent and embarrassed financially, is a badge of fraud. The general rule on the subject is so stated in 20 Cyc. 449.

The conveyance by a husband to his wife of his real estate is always subject to close scrutiny when the conveyance is attacked by a creditor.

In the case of McDonough v. McGowan, 165 Ky. 425, 177 S. W. 277, it was held by this court that, where badges of fraud attend upon a conveyance, and when such badges of fraud are shown by one attacking the conveyance as fraudulent, the effect is to shift to the grantee the burden of the evidence, and he must rebut the inference to be created, and sustain the bona fides of the transaction. A number of cases are cited in that opinion upholding this well-settled rule.

In the case of Commonwealth v. Filiatreau, 161 Ky. 434, 170 S. W. 1182, this court held that it was not required of one attacking a conveyance on the grounds of fraud that he should produce direct evidence of wrongdoing on the part of the grantor and grantee, but that fraud might be inferred from such circumstances as were calculated to create an inference making a peremptory demand for explanation. Under the authorities cited, and there are many others to the same effect, the burden was on the appellant to show that the transaction between her and her husband was free from fraud, when facts and circumstances had been introduced in evidence from which it was inferable that the conveyance was fraudulent.

The learned chancellor gave careful consideration to this case, as is shown by the judgment entered, which protects fully all the rights of the appellant which she was entitled to have protected. He properly adjudged the rights of the parties, and, if it were not the law that his judgment has great weight with the court, and we were considering the matter as an original proposition, we are constrained to hold that we would reach the same conclusion that was reached by the chancellor.

Judgment of the lower court is affirmed.