## Engle v. Childers.

(Decided February 14, 1928.)

### Appeal from Fayette Circuit Court.

1. Contracts.—In action on contract to recover for moving house, evidence held to show that contract did not require that plaintiff should not move house until defendant set stakes indicating where it was to be placed, but rather that plaintiff asked defendant to set stakes as mere precaution to avoid misunderstanding.

2. Contracts.—In determining whether house plaintiff moved for defendant was set on front line of house on adjoining lot as contract required, bodies of houses should be considered, and not fact that one had porch in one way and the other in another way.

3. Appeal and Error.—Findings of fact by commissioner which have been approved by circuit judge are not disturbed in Court of Appeals, where mind is left in doubt as to truth.

FORMAN & FORMAN for appellant.

ELDON S. DUMMITT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

O. P. Childers moved a house to a vacant lot for I. J. Engle under a contract that Engle would pay him $175, and he brought this suit to recover the contract price for the work and to enforce a lien on the lot. Engle defended on the ground that Childers had not properly performed the contract in that he had not placed the house in the proper place. Proof was taken; the commissioner to whom the case was referred, after hearing the evidence and looking at the property, reported in favor of Childers. The court overruled Engle's exceptions to the commissioner's report. He appeals.

The proof by Childers and his father, who was present when the contract was made, is that the house was to be set ten feet from the side line of the lot. On the other hand, Engle testifies that the house was to be set in the center of the lot. The circumstances sustain Childers. It was more expensive to him to put the house where he did not put it than to put it where Engle said he should have put it. He had to move it past the center of the lot to get it to the other location. The three parties after the contract was made all went to the lot, and the location of the house was there pointed out by Engle. A

misunderstanding as to 20 feet could not reasonably have been made in so narrow a lot under such circumstances. Engle also insists that by the contract the house was not to be moved until he had set stakes indicating where it was to be placed; but the proof was that after the contract was made and after Engle had gone on the lot with Childers and shown him where to set the house Childers asked Engle to set some stakes and Engle agreed to do so but did not do it. Under the evidence this was not a condition of the contract, but a mere precaution taken by Childers to avoid any misunderstanding. Engle went away, and when he returned was again asked by Childers to set the stakes, but he was busy with other things and did not get to the lot until after the house had been moved. It was a reasonable precaution for Childers to ask that the stakes be set, for after the house was located another difference arose between them.

Engle insists that the house was not set on the front line of the house on the adjoining lot as the contract required. The bodies of the two houses are on the same line, but the front porch of the moved house extends out beyond the other house which has no porch in front. In determining whether the houses are on a line the bodies of the two houses should be considered, and not the fact that one has a porch in one way and the other in another way.

In cases of this sort the court gives some weight to the findings of fact by the commissioner, which have been approved by the circuit judge; for they are on the ground and understand local conditions. Such findings of fact are not disturbed here where the mind is left in doubt as to the truth.

Judgment affirmed.