## Roberts, Johnson & Rand, et al. v. Baker.

(Decided May 8, 1928.)

### Appeal from Perry Circuit Court.

1. Fraudulent Conveyances.—Petition, in action to set aside conveyance from husband to wife as fraudulent, alleging husband conveyed certain described real estate to wife voluntarily and without consideration, with fraudulent intent to cheat, hinder, and delay his creditors, held sufficient under Ky. Stats., sec. 1906.

2. Pleading.—The fact that no reply was filed to answer in action attacking conveyance as fraudulent did not entitle defendant to judgment on the pleadings, since no reply was necessary.

3. Fraudulent Conveyances.—Failure of plaintiffs, in action to set aside a conveyance as fraudulent, to obtain an attachment against the property, did not preclude granting of relief, vendee in cases where sale or conveyance of property is only constructively fraudulent being entitled to lien to secure amount paid thereon, though, if sale or conveyance is actually fraudulent, claim of vendee will be postponed until demands of other creditors are satisfied.

4. Fraudulent Conveyances.—Fictitiousness of consideration and false recitals as to consideration in conveyance constitute a badge of fraud.

5. Fraudulent Conveyances.—Conveyance from husband to wife at time husband was insolvent for stated consideration of $1, and agreement to care for and provide for children of parties, held fraudulent.

6. Fraudulent Conveyances.—A conveyance of land by husband to wife when husband is insolvent will always be carefully scrutinized.

7. Fraudulent Conveyances.—In absence of plea interposing claim of exemption on ground of homestead, in action to set aside conveyance as fraudulent, such claim will no be considered, in that court will not give to a litigant that which he does not claim.

8. Fraudulent Conveyances.—A homestead is exempt from sale for debts, and not subject of fraudulent conveyance.

9. Fraudulent Conveyances.—Claim of mortgagee to property alleged to have been fraudulently conveyed is not affected, in action to set aside conveyance to which he is not a party, and fact that

there was a mortgage against property will not preclude granting of relief.

10. Fraudulent Conveyance.—Agreement by wife to whom husband conveyed land to care for and provide for children born to herself and husband, does not constitute a valuable consideration.

WILSON & WILSON and W. W. REEVES for appellants.

MORGAN, EVERSOLE & BOWLING for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is an appeal by the various creditors of Boyd Baker and Logan Baker. Judgment was entered in the lower court in favor of the creditors for their debts, and this appeal does not involve the correctness of the judgments on that branch of the case. The appellee, Mallie Baker, is the wife of Boyd Baker. On the 17th day of November, 1921, he executed to her a deed of conveyance for a small parcel of land near Domino Station of the Louisville & Nashville Railroad Company in Perry county. The debts for which appellants obtained judgment against Boyd Baker were created prior to the execution of this deed. They attacked the conveyance as fraudulent, and sought to have the deed set aside and the property subjected to the payment of the debts. The recited consideration in the deed is:

"The sum of $1 cash in hand paid and the further consideration of the fact that the party of the second part is to keep, care for and provide for Coney Baker, thirteen years of age, Cecil Baker, twelve years of age, and Edith Baker, nine years of age, all of whom are the children of the parties hereto, and also a further consideration of the love and affection I have for my wife."

The chancellor refused to cancel the deed, and it is that part of the judgment about which appellants complain.

Mallie Baker filed an answer, in which she denied everything alleged in the voluminous petition of appellants, including the allegation that her husband with the fraudulent intent to cheat, hinder, or delay his creditors or to defeat the collection of their demands against him, conveyed to her the land in controversy. She admitted that her husband conveyed the land to her, but alleged that it was a bona fide conveyance, and made for a valuable consideration, and at the time of the conveyance

she had no knowledge of any indebtedness of her husband. She offered no evidence in her own behalf, but her deposition was taken by appellants. She denied that she knew of any indebtedness. She claimed that a part of the land conveyed to her by her husband already belonged to her prior to the conveyance. The land was purchased from Charles Luttrell, or rather it was obtained from him through the exchange of lands. She did not know whether there was any deed to her for any interest in the land, but she claimed that she had put $1,500 into the purchase of the land in the first place. The only reason she gave for the conveyance to her by her husband was that she supposed he conveyed it to her because he wanted her to have it. She did not tell where she obtained the $1,500 which she insisted went into the purchase of the tract of land which was exchanged for the one now in controversy.

It is argued in the brief for appellee that the petition did not state a cause of action against her. An examination of the petition shows that it contains all of the allegations required by the provisions of section 1906, Ky. Stats. The allegation is that:

"While the defendant Boyd Baker was indebted to the plaintiffs in the amounts as herein before set out, the defendant Boyd Baker, with fraudulent intent to cheat, hinder, and delay his creditors, including all these plaintiffs, and to defeat the collection of their demands against him, conveyed to the defendant Mallie Baker, his wife, then and now a resident of Perry county, Ky., the following described real estate then owned by him. . . . . It states that the conveyance was voluntary and without consideration, and made for the purpose of covering up and concealing property ownership. Plaintiffs state that said voluntary conveyance was made within six months next before the filing of this petition."

The demurrer was properly overruled. But it is argued that appellee was entitled to a judgment on the pleadings, for the reason that she affirmatively alleged that the conveyance was bona fide, and for a good and valid consideration. She had denied the allegations of the petition, and her further allegation that the conveyance to her was for a valid consideration was only another way of adding to her denial. The fact that no re-

ply was filed to it did not entitle her to a judgment on the pleadings, as no reply was necessary.

It is argued that the appellants were not entitled to the relief sought because they did not obtain an attachment against the property. This argument is without merit. In cases where the sale or conveyance of property is only constructively fraudulent, the vendee may be allowed a lien on the property to secure the amount he paid, and his lien may be prior to that of the attacking creditors. Allen v. Russell, 78 Ky. 105; Diamond Coal Co. v. Carter Drygoods Co., 20 Ky. Law Rep. 1444, 49 S. W. 438. If, however, the sale or conveyance is actually fraudulent, the vendee, after the sale is successfully attacked, will be postponed until the demands of other creditors are satisfied. Wood v. Goff, 70 Ky. 59. If the conveyance by Boyd Baker to his wife was actually fraudulent, the creditors are entitled to a judgment canceling the deed, and they are also entitled to have the property subjected to the payment of their debts in the same suit. In the case of Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992, this court defined badges of fraud which, when shown to exist, were sufficient to cast the burden on the vendee to show the bona fides of the transaction. Fictitiousness of consideration and false recitals as to the consideration in the conveyance are badges of fraud.

In the conveyance to his wife in this case, one of the recitals as to the consideration is that the wife should undertake to help care for three of the children of the husband and wife living in their home. Inadequacy of consideration under some circumstances is a badge of fraud. The insolvency of the grantor is another. The transfer of all of debtor's property is another. If the circumstances relating to the transfer by the debtor are suspicious, his failure to testify or to produce satisfactory evidence which will uphold the good faith of the conveyance is a badge of fraud. The circumstances in this case are suspicious, and the grantor offers no explanation of the conveyance. He was largely indebted and insolvent at the time. The recitals as to the consideration are such as to create a suspicion. The appellee was under the necessity, under the facts and circumstances in this case, of showing that the transaction was free from fraud. We conclude that the conveyance was fraudulent. The conveyance of land by the husband to

the wife when the husband is insolvent will always be carefully scrutinized. This case is controlled by the principles announced in Sweeney v. Farmers' State Bank of Greenville 219 Ky. 472, 293 S. W. 959; Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050; Martin v. Maggard, 206 Ky. 558, 267 S. W. 1102; Trimble v. Ratcliff, 9 B. Mon. (48 Ky.) 511; Creel v. Cloyd, 151 Ky. 627, 152 S. W. 776; McDonough v. McGowan, 165 Ky. 425, 177 S. W. 277.

This case is similar to the late case of Stewart v. Wheeler, 220 Ky. 687, 295 S. W. 991, where a deed of conveyance from the husband to the wife was held to be void. It has been held that it is not required of one attacking a conveyance on the ground of fraud that he should produce direct evidence of wrongdoing on the part of the grantor and grantee, but that fraud might be inferred from such circumstances as were calculated to create an inference making a peremptory demand for explanation. Commonwealth v. Filiatreau, 161 Ky. 434, 170 S. W. 1182.

It was next insisted by counsel for appellee that the land could not be subjected to the claims of the appellants because it was the homestead of Boyd Baker. It is true that on May 5, 1921, he made a financial statement to one of the appellants in which he referred to this property as his homestead, but there is no claim of exemption on that ground, and, as up to this time no plea has been interposed that the property is a homestead, we cannot consider that question. A homestead is exempt from sale for debts, and is not the subject of a fraudulent conveyance. Dewees v. Dewees, 121 Ky. 747, 90 S. W. 256, 28 Ky. Law Rep. 26. The court, however, will not give to a litigant that which he does not claim.

It is further suggested that the property was not the subject of a fraudulent conveyance because there was a mortgage against it. It is true that appellee testified there was a mortgage against the property, but she gave no further information. The mortgagee, if there is one, is making no complaint, and if he is not a party to the suit, his claim is not affected. It is probably true, as argued by counsel for appellee, that the conveyance could not be atacked as fraudulent, if the homestead interest, added to the amount of the mortgage, should be equal to, or greater than, the value of the property. But, if the appellee desired to rely on such a defense against the claim of appellants, she should have raised the question by her pleadings in the lower court.

It is further argued by counsel for appellee that the consideration as expressed in the deed is a valuable one, and, as the consideration so expressed has not been attacked, that appellants are not entitled to the relief which they seek. The valuable consideration pointed out by counsel for appellee is that she agreed to aid in caring for the children born to her and her husband. That is not a valuable consideration, as we understand the matter, as she was under the duty to do the thing set out in the deed independently of whether the property was conveyed to her. Neither could the husband shirk his responsibility to support his children by making a contract with his wife for their support. We find that the chancellor was in error in adjudging that appellants were not entitled to the cancellation of the deed of conveyance executed by Boyd Baker to his wife.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.