## Taylor et al. v. Rapp Lumber Company.

(Decided March 24, 1933.)

J. B. CAMPBELL and MARTIN T. KELLY for appellants.

H. H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Rapp Lumber Company furnished and delivered to Isaac Taylor building material, with which he erected two houses in block A in Hubbard addition to Barbourville, Ky. The material used in one of the buildings was paid for, but that used in the other was not. Isaac Taylor executed and delivered his note therefor to the Rapp Lumber Company. The lots, on which the two buildings were erected, joined. Taylor and his wife mortgaged to J. M. Carnes one house and lot, to secure the payment of $5,000. Shortly thereafter the mortgage was released, when Taylor and his wife executed and delivered to Carnes a deed to the same property, for the ostensible consideration of $3,-500. George Sawyer Taylor and Isaac Taylor paid to Carnes the $3,500 and $200 interest, amounting to $3,-700. George Sawyer Taylor paid $2,700 and Isaac Taylor $1,000 of the $3,700, when a deed was executed and delivered by Carnes and wife to George Sawyer Taylor, conveying the property to him. Isaac Taylor was a traveling salesman. Albert Taylor, his son, accompanied him as his driver, when he engaged in the business of salesman. Isaac Taylor and wife conveyed the other house and lot to Albert Taylor for the recited consideration of $600 cash. The deed also contains this statement:

"As a part of the consideration it is agreed and understood that it (the property mentioned in the deed) is to be the second party's entire interest in the first party's estate, which he now owns."

Thereafter Albert Taylor conveyed the property to his wife. The Rapp Lumber Company filed this action on a return of nulla bona (section 1907a, Ky. Statutes), charging that the conveyances to Albert Taylor and J. M. Carnes were executed and delivered without consideration, for the purpose of cheating, hindering, and delaying the creditors of Isaac Taylor, including the Rapp Lumber Company. The petition described the property and asserted a lien as authorized by section 1907a, Ky. Statutes. It was also avowed that the conveyance by Albert Taylor to his wife, Elizabeth Taylor, was without consideration, made with like intent, and with knowledge on the part of Elizabeth Taylor of the fraudulent intent of Isaac and Albert Taylor. Appropriate pleadings were filed forming an issue, evidence heard, and the court decreed the Rapp Lumber Com-

pany a lien, to secure the payment of its judgment, that the conveyance to Albert Taylor was without consideration, and that Isaac Taylor was the owner of 10/37 of the Carnes property, and the other 27/37 was the property of George Sawyer Taylor. The deed from Albert Taylor to Elizabeth Taylor was declared without consideration. The houses and lots were directed to be sold and the proceeds of the Albert Taylor house and lot first applied to the payment of the debt of the Rapp Lumber Company, and a sufficiency of the proceeds of the 10/37 of the Carnes house and lot to be applied to the payment of the balance of the debt of the Rapp Lumber Company. The Taylors appeal.

George Sawyer Taylor was not made a defendant in the petition of the Rapp Lumber Company. He filed a petition to be made a party, alleging that he was an innocent purchaser of the house and lot, for value, without notice, and asserted title in himself. Hiram Owens filed a petition to be made a party. His answer was taken as a cross-petition against George Sawyer Taylor and wife, Lois G. Taylor. To Owens' petition George Sawyer Taylor and Lois Taylor filed an answer. No issues between these parties are presented on this appeal, and no further consideration will be given to the questions raised by their pleadings.

It is argued by George Sawyer Taylor and Lois Taylor that the court erred in not adjudging to them a prior and superior lien on the property covered by their deed, only decreeing them entitled to $2,700 and interest. They insist that in the present action there is no showing that a statement was filed in the county clerk's office as required by section 2468, Ky. Statutes, and therefore the Rapp Lumber Company has no lien on the property. The latter contention is made without pleading or proof presenting such issue. They asserted in their answer title in fee, and in his testimony George Sawyer Taylor admitted that Isaac Taylor paid $1,000 of the $3,700, and that he paid $2,700 thereof to Carnes, and that the deed was made to him. Plainly, having failed to assert a lien in his answer, and instead thereof asserted title in fee, and having admitted the payment of $1,000 by Isaac Taylor of the consideration, he is in no position to claim that he has a superior lien on the property to secure the $2,700. No lien is asserted by virtue of section 2468, Ky. Stats., on this property, nor on the property covered by the deed to

Taylor, nor was it adjudged by the court, under section 2468, Ky. Statutes. The lien asserted in the pettiion and enforced by the judgment existed by virtue of the allegations of the petition and the description of the property herein, and is authorized by section 1907a, Ky. Statutes. The Rapp Lumber Company on learning that Isaac Taylor was conveying away his real estate without paying his debts, was authorized by this section to go into a court of equity, either with or without first reducing its claim to a judgment and having a return of no property thereon, and have the property subjected to a lien which was created upon the filing of its petition, setting out the facts and describing the property charged to have been conveyed without consideration, or with fraudulent intent. National Bank of Cynthiana v. Hume's Ex'x, 139 Ky. 834, 109 S. W. 364, 33 Ky. Law Rep. 162; Williamson v. Morris, 166 Ky. 231, 179 S. W. 45; Elmore v. Overstreet, 219 Ky. 813, 294 S. W. 475; Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112; Cloud v. Middleton, 241 Ky. 595, 44 S. W. (2d) 559.

It is abundantly shown that the conveyances of the house and lot to Isaac Taylor and from him to his wife were without consideration, and, as to the Rapp Lumber Company, were fraudulent. The transaction between Albert Taylor and Isaac Taylor, under close scrutiny, bears its own evidence of an intention to defeat the debt of the Rapp Lumber Company. Turner v. Hammock, 229 Ky. 836, 18 S. W. (2d) 285; Winfrey's Trustee v. Winfrey, 150 Ky. 138, 150 S. W. 42; First National Bank v. Short, 234 Ky. 130, 27 S. W. (2d) 668; Leitchfield Milling Co. v. Rogers, 239 Ky. 482, 39 S. W. (2d) 961; Hoskins v. Hoskins' Trustee, 241 Ky. 420, 44 S. W. (2d) 302; Davis v. Dean, 236 Ky. 362, 33 S. W. (2d) 340. The best evidence of insolvency is a return of an execution, "No property found." The conveyance of all of his property by the father to his sons, to be valid against a creditor of an insolvent father, must be sustained by clear and convincing proof of good faith and the payment of a fair consideration. Stewart v. Wheeler, 220 Ky. 687, 295 S. W. 991; Roberts, Johnson & Rand v. Baker, 224 Ky. 414, 6 S. W. (2d) 474. George Sawyer Taylor having admitted that Isaac Taylor owned 10/37 of the house and lot to which he held title under the conveyance from Carnes and wife, the court did not err in directing it to be sold,

564

and on the evidence did not err in directing the lot covered by the deed to Albert Taylor to be sold and the proceeds thereof applied to the debt of the Rapp Lumber Company in the order and as set forth in the judgment.

Judgment affirmed.