## Simpson v. Antrobus et al.

(Decided Oct. 8, 1935.)

642

F. A. HARRISON for appellant.

L. M. ACKMAN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Raymond Simpson was seriously injured on January 31, 1933, by falling into a circular saw driven by a small motor. He was employed at the time of the accident by the appellees, James Antrobus and Evan Antrobus; and, alleging that his injuries were caused by the negligence of his employers, he brought this action against them to recover damages in the sum of $5,708. In their answer the defendants traversed the averments of the petition and pleaded contributory negligence. In an amended answer they alleged that the petition was not filed in the office of the clerk of the Grant circuit court until February 1, 1934; that the clerk did not issue summons thereon until March 14, 1934; and that the action was not commenced within one year next after the cause of action accrued, and they pleaded the one-year statute of limitations in bar (Ky. Stats. sec. 2516). A trial was had before a jury, resulting in a judgment and verdict for the defendants.

The sole ground relied upon for a reversal of the judgment is the alleged error of the trial court in giving instruction No. 5, in which the question of limitations was submitted to the jury. The criticized instruction permitted the jury to determine whether or not the petition was filed and the summons issued on or before January 30, 1934. It is impossible, of course, to determine upon what ground the jury based its verdict and, consequently, if the criticized instruction should not have been given, a reversal of the judgment is mandatory.

On the back of the petition is the following indorsement:

"Filed this 30th day of January, 1934, in my

office; summons and two copies issued to Grant County, Kentucky.

"R. A. Blackburn, Clerk."

All of this notation except the signature, "R. A. Blackburn," is typewritten, and was typed in the office of the attorney who prepared the petition. The clerk merely signed it when the petition was handed to him. Below this notation on the back of the petition is the following in the handwriting of the clerk: "Filed 2/1/34." The clerk testified that it was his custom to indorse petitions in this manner when they were handed to him for filing, and that the indorsement indicated the petition was filed February 1, 1934. Below these two notations the following appears:

"The above '2/1/34' was written by mistake, as the petition was filed January 30, 1934, as shown by above endorsement.

"R. A. Blackburn, Clerk."

This notation was made March 14, 1934, when the clerk issued a summons after being informed by the sheriff that no summons in the action had ever been placed in his hands. The summons which was executed March 16, 1934, was issued March 14, 1934, and there is no reference in the record to another summons except the reference in the first indorsement on the back of the petition. The appellant contends that this indorsement is conclusive, and the circuit court being a court of record, the entry by the clerk cannot be explained, varied, or contradicted by parol evidence, and he cites Green v. Goodrum, 4 Metc. 274. It is his contention that the trial court erred in permitting proof to be introduced to show the summons was not issued until after January 30, 1934, and in submitting that question to the jury.

The general rule is that a court of record speaks by means of its record only, and an entry made by the clerk with the authority of law must be regarded as a conclusive record and cannot be explained or impeached by other evidence. In other words, the record of a court imports verity and cannot be contradicted by parol evidence. Green v. Goodrum, supra; Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136. This general rule applies, however, only to such entries as the clerk is required by law to make. 22 C. J. p. 1082, sec. 1416; Green v. Goodrum, supra; Taylor v. Commonwealth, 3 Bibb, 356.

In the Taylor Case an entry made on the execution docket showed that a certain execution had been delivered to the sheriff on March 24, and extrinsic evidence was admitted to show that the clerk had made an entry on the docket on March 11, to the effect that the execution had been delivered to the sheriff on that day, and that this entry had been altered. In affirming the judgment, the court said:

"It is objected that because the evidence tended to contravene the record of the entry on the execution docket, when the execution was delivered, it should not have been received. We have been however unable to find any provision in the law making it the duty of clerks to note the time when executions are delivered to sheriffs, and if no such provision exists, the entry of the clerk without the authority of law, cannot give it the authenticity of a record; and consequently the admission of the parol evidence cannot be brought within the influence of the rule from whence it is urged it should have been rejected."

There is no statute requiring the clerk to indorse on the petition the date of the issuance of the summons. Section 669 of the Civil Code of Practice requires him to indorse upon every paper filed in an action the day of filing it, and section 670 requires him, upon the return of a summons served, to enter in full upon the docket the return of the officer executing the summons.

In the instant case, the indorsement on the back of the petition that the summons was issued on January 30, 1934, was not an entry which the clerk was required by law to make, and therefore is not conclusive under the rule relied upon by appellant. Furthermore, two conflicting indorsements as to the date of the filing of the petition were made by the clerk, and the admission of parol evidence was necessary to determine the true date. While the evidence tends to show that the petition was filed on January 30, 1934, there is no evidence, with the indorsement on the petition eliminated, that a summons was issued before the one-year statute of limitations had run. The filing of a petition without a summons being issued is not the commencement of an action within the meaning of section 39 of the Civil Code of Practice and section 2524 of the Kentucky Statutes, and the statute of limitations runs

until a summons is actually issued. Louisville & Nashville Railroad Co. v. Napier's Administrator 230 Ky. 323, 19 S. W. (2d) 997; Casey v. Newport Rolling Mill Company, 156 Ky. 623, 161 S. W. 528.

It follows from what has been said that the proof relative to the time when the summons was issued was competent. Appellant's sole criticism of instruction No. 5 is based on the theory that this proof was incompetent. No criticism of the form of the instruction is made; but even if technically incorrect, the appellant was not prejudiced, since under the facts of the case a peremptory instruction was authorized.

Judgment is affirmed.