# Gay v. Hardman.

Jan. 31, 1939.

J. T. FARMER for appellant.
GEORGE W. VAUGHN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Under a written contract dated August 27, 1934, Mrs. Elizabeth Hardman leased her farm of about 327 acres in Fayette county to Clark Gay. Under the terms of the lease she was to receive one-half of the corn and tobacco grown on the farm and one-half of the amount received for pasturing any stock belonging to other parties. Clark Gay had the privilege of pasturing a specified number of different species of live-stock and obligated himself to paint the dwelling house with two coats of paint and to repair fences as he might deem necessary at his own expense.

In the fall of 1935 Mrs. Hardman gave Gay notice to vacate and surrender to her possession of the farm and upon his failure to do so instituted this action in January 1936 asking for a declaration of rights between the parties arising out of the contract and about which controversy had arisen, the principal controversy being over the duration of the lease and the right to terminate

it. It is the contention of Mr. Gay that Mrs. Hardman leased the farm to him unconditionally for a term of five years. On the other hand Mrs. Hardman contends that she leased the farm for a term of one year with right of renewal from year to year up to five years or so long as the parties agreed; or that the lease could be terminated or not renewed from year to year upon the failure of the parties to agree.

At the outset the lease contract recites: "That said lessor does hereby demise, rent and lease the land unto said lessee, * * * for a term of 5 years * * *."

After the parties had had two or three discussions concerning the proposed lease Mr. Gay had a typewritten lease contract prepared. When he presented it to Mrs. Hardman and she and her sister, who was assisting her, read it they objected to some of the terms and conditions and she refused to sign it as it was prepared. Some changes were made in pencil concerning the number of live-stock the lessee might pasture and the provisions relating to the painting of the house; and the following sentence was added in pencil at the end of the lease, "The lessee is to have the farm for the term of 5 years so long as the lessor and lessee can agree."

After setting out the terms of the lease and her interpretation and contention with respect to the effect of the quoted sentence added in pencil at the end of the contract, she alleged in effect that she had a right thereunder to refuse to consent to an extension of the lease for additional time without giving any reason therefor and to demand the possession of the farm at the expiration of the first year; but that the defendant denied that she had such right. She further alleged in substance that if it was necessary to give reasons for refusing to extend the term, such reasons were that the defendant was an unsatisfactory tenant and did not give sufficient time and attention to the farm in that he did not plant or cultivate acreage to produce crops sufficient to pay taxes or provide a living income for appellant and did not properly cultivate crops planted; that he refused to comply with the terms of the contract to paint the dwelling house and had pastured more of his own stock on the farm than he was entitled to under the contract and had failed to properly settle and account to her for rental and pasturing; that defendant had without consent of plaintiff cut, sold, destroyed and used for fire-

wood, trees of considerable value and thereby committed waste. She asked that seven questions set out in the petition and arising under the lease and in dispute between the parties be determined.

Defendant denied the material allegations of the petition and set up his contentions respecting the rights of the parties under the contract. The cause was referred to the master commissioner of the court to hear proof upon the issues made by the pleadings and to report his recommendation of law and fact taken thereunder.

It appears that before the evidence was heard by the commissioner under the order of reference the court had in a memorandum opinion answered adversely to plaintiff's contention all the questions presented except 4 and 7 and thereafter upon defendant's motion that opinion was filed nunc pro tunc as of the day it was rendered. It is stated in brief by counsel that this opinion was rendered on a preliminary motion or demurrer when the court was under the impression that it had been submitted for final determination but that does not appear in the record.

After hearing the evidence of the parties and a number of witnesses introduced by each of them, the commissioner filed his report stating that all the questions except 4 and 7 had been answered by the court; that plaintiff insisted that it was the intention of the parties at the time the contract was made that plaintiff should have the right to terminate the contract at the end of one year if the performance of the contract was not satisfactory to the parties; that the defendant concurred in that construction as shown by his evidence to the effect that there was a discussion between them as to whether the contract might be terminated if they could not agree. He further found that the construction thus placed upon the contract by the parties themselves should be adopted by the court as showing their intention; that under the contract as construed by the parties plaintiff had the right for sufficient reasons to terminate the lease. He found the facts to be from the evidence as stated in his opinion, and that as a matter of law the plaintiff was entitled to terminate the lease contract as of date March 1, 1936. Defendant filed exceptions to the report on the grounds that it was not sustained by the facts nor supported by law and the commisioner

erred in reporting that the lease should be terminated as therein indicated.

The chancellor overruled the exceptions to the report and confirmed same. He adjudged that plaintiff was entitled to terminate the lease contract of rental as of March 1, 1936, and that same be terminated of that date and further adjudged and directed that the defendant surrender possession of the farm on or about noon July 1, 1936, and upon his failure to do so that the sheriff should evict him immediately thereafter and deliver possession to the plaintiff; that plaintiff's claim for damages be dismissed; that the judgment should in no wise affect the right of plaintiff to any other relief sought in her petition. Defendant is appealing.

It is stated in brief by counsel for appellant that only two questions are presented by this appeal, the first being the proper interpretation of the contract and the second whether appellant has been guilty of such acts as forfeited his right under the lease. It is asserted by appellant that if the farm was not leased to him unconditionally for a term of five years under the terms of the lease, then its terms were so ambiguous with respect to the time it was to run as to call for the application of the rule that in such circumstances of doubt and uncertainty as to its meaning it should be construed most strongly in favor of the lessee. He cites the case of Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825, which so holds. On the other hand appellee is asserting that appellant prepared the lease and is invoking the rule that in case of doubt and ambiguity in a contract it will be construed most strongly against the party who prepared it. That rule is likewise supported by authorities.

There is no denial that appellant had the original draft of the contract made. There is a conflict in evidence as to whether appellant or appellee or her sister made the pencil changes in the contract and especially the above quoted sentence added at the end. But be that as it may, the evidence discloses beyond any doubt that some controversy or question arose concerning the term of the lease as set out in the first part of the contract, and it was the intention of the parties to make some change in that feature of the contract by the added provision. There is evidence to support the commissioner's finding concerning the interpretation of the contract by the parties themselves and there is ample

authority to sustain his finding that in the circumstances the construction placed upon the contract by the parties should be adopted by the court. The evidence for appellee is in substance and effect that appellant put out but little more than one-half of the acreage allotted to the farm for tobacco; that the tobacco and corn crops planted by him were not properly cultivated; that he did not paint the residence as he was obligated under the contract to do; that he gained undue advantage in division of the corn grown on the farm and there is some evidence to indicate that he did not fully account for pasturage rents or fees due appellee under the contract. There is evidence that he cut and disposed of some trees growing on the farm without any authority under the contract or without the consent of appellee. He admits that he cut a few trees, the greater part of which he used in burning plant beds and some of which he used as firewood. The evidence for appellee and his witnesses is to the effect that he cultivated the crops properly and as well as he could have done due to prevailing weather conditions; that he made equal division of the crops raised and made proper accounting to appellee and for all moneys collected for pasturage. He stated that it was his purpose to paint the house as provided in the contract and that his failure to do so was occasioned by the controversy and threatened litigation to terminate the lease.

While the appellate court in equitable actions is not bound to accept the findings of the commissioner or the judgment of the court, it has, as a universal rule and where the evidence is conflicting, accorded them great weight, Madison-Jackson-Estill Lumber Co. v. Coyle, 166 Ky 108, 178 S. W. 1170, and has consistently refused to disturb a commissioner's finding concurred in by the court where the finding and judgment are in accord with the preponderating weight of the evidence or if the evidence of the complaining party does nothing more than raise a doubt concerning the correctness of the commissioner's approved finding. Engle v. Childers, 223 Ky. 210, 3 S. W. (2d) 222; Larimore v. West, 227 Ky. 306, 12 S. W. (2d) 856. While as pointed out in brief the finding of the commissioner and the judgment of the court are not in accord with some of the findings of the chancellor in the memorandum opinion above referred to, our determination is limited to the judgment

appealed from. Since the commissioner's finding, approved by the court, is fully sustained by the law and the evidence, the judgment should be and is affirmed.