## Citizens Bank & Trust Co. v. McEuen et al.

Nov. 17, 1939.

114

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Reversing.

The defendant below, B. C. McEuen, and his mother, Mrs. J. V. McEuen, owned jointly a house and lot in Madisonville which cost them some $5,000 or $5,500. McEuen was a director in the appellant bank when the directors on December 9, 1930, discussed the advisability

of merging it with another bank on account of its financial troubles, and on this date McEuen owed it $1,305. On December 20, 1930, McEuen conveyed to his mother his half interest in the property he and his mother owned jointly, and on April 21, 1931, the bank instituted this action against McEuen and his mother wherein it sought to recover from him $1,305 with interest, and to have the deed he made to his mother set aside as a fraudulent conveyance. It appears the suit dragged along and that Mrs. McEuen died January 17, 1937, and the day before her death McEuen filed a voluntary petition in bankruptcy.

Section 965-4, Kentucky Statutes, provides the three terms of the Hopkins Circuit Court shall convene on the first Mondays in February and May and on the fourth Monday in September, each term having twenty-four juridical days. On June 26, 1937, the bank, acting under Title 11 of the Civil Code of Practice, filed its petition for revivor against the heirs of Mrs. McEuen, all of whom were brought before the court by summons or warning order, and the bank was prepared to take an order during the February 1938 term reviving the action. McEuen's trustee in bankruptcy filed an intervening petition on February 25, 1938, asking that he be made a party plaintiff to the action. There is some controversy as to whether the trustee filed the petition for revivor against the heirs of Mrs. McEuen on February 25, or March 7, 1938, but we do not think it was necessary for the trustee to file a petition to revive, as will hereinafter be shown, hence the date it was actually filed may be ignored.

The heirs of Mrs. McEuen at the February 1938 term filed a special demurrer to the bank's petition for revivor, questioning the legal capacity of the bank to maintain this action after McEuen became a bankrupt; they next moved the court to strike from the record the petition for revivor filed by the trustee, contending it was not filed within one year after the time when an order of revivor could have been first made as provided by Section 508 of the Civil Code of Practice; also, they filed a motion to dismiss the action. The court being of the opinion that the bank could not maintain this action after McEuen had been adjudged a bankrupt, and being of the further opinion that his trustee in bankruptcy did not file a petition for revivor within one year from the time the order might have been first made, sustained the

116

special demurrer to the bank's petition for revivor and sustained the motion to strike the trustee's petition for revivor, and dismissed the action. The bank and the trustee in bankruptcy prosecute this appeal.

Counsel for appellees admit in their brief that if this action be one to enforce a lien, the bank had authority to maintain it after McEuen had been adjudged a bankrupt. Section 1907a, Kentucky Statutes, under which this action was brought, provides that when the petition describes the property and alleges facts constituting the fraud, "a lis pendens shall be created upon the property so described." The petition avers the facts which the bank contends amount to a fraud upon it; describes the property conveyed; asserts a lien thereon; asks that the conveyance be set aside and that its lien be enforced. Therefore, a lien was created upon this property when plaintiff filed its petition. Motch's Adm'r v. Glenn, 251 Ky. 235, 64 S. W. (2d) 900; Taylor v. Rapp Lumber Co., 248 Ky. 560, 59 S. W. (2d) 5; Rice v. Kelly, 226 Ky. 347, 10 S. W. (2d) 1112. Where the creditor has filed suit in the state court to enforce his lien four months before the debtor was adjudged a bankrupt, as was done in this instance, then the creditor may proceed with the action until its termination free from, and independent of, the bankruptcy court; although the trustee of the bankrupt may intervene for the purpose of taking any surplus proceeds after the plaintiff has satisfied his lien. Straton v. New, Trustee, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; Connell v. Walker, 291 U. S. 1, 54 S. Ct. 257, 78 L. Ed. 613; Wyan v. Raisin Monumental Co., 243 Ky. 431, 48 S. W. (2d) 1050. After the adjudication in bankruptcy a creditor cannot institute a suit to foreclose a lien and only the trustee of the bankrupt has that authority. Glenny v. Langsdon, 98 U. S. 20, 25 L. Ed. 43; Ruhl-Koblegard Co. v. Gillespie, 61 W. Va. 584, 56 S. E. 898, 10 L. R. A., N. S., 305, 11 Ann. Cas. 929.

The bank had authority to maintain this action in the state court and to prosecute it to a final conclusion, and the trustee in bankruptcy had the right to intervene in the action. Ray's Trustee v. Ray's Assignee, 237 Ky. 789, 36 S. W. (2d) 624, and authorities therein cited. It was not necessary for the intervening trustee to revive the action because the bank had already filed its petition for revivor and the intervening petition asked that the trustee be substituted for the bank as the plaintiff in the

action. The substituted party, as a general rule, takes up the litigation with all of its benefits and with all of its burdens just where the predecessor dropped it; and the pleadings filed by the bank, including the petition for revivor, became the pleadings of the intervening trustee. 47 C. J. 165, Section 305; Louisville, E. & St. L. C. R. v. Utz, 133 Ind. 265, 32 N. E. 881; Crary v. Kurtz, 132 Iowa 105, 105 N. W. 590, 109 N. W. 452, 119 Am. St. Rep. 549; Bush v. Block, 193 Mo. App. 704, 187 S. W. 153.

Therefore, the court erred in sustaining a special demurrer to the bank's petition for revivor and in dismissing the action. On the bank's petition for revivor an order should have been entered reviving the action in the name of the bank against the heirs of Mrs. McEuen, and then the court should have allowed the trustee in bankruptcy to have intervened in the action and be substituted as plaintiff for the bank as that was agreeable with both the bank and the trustee. On a return of the case to the circuit court an order will be entered reviving the action in the name of the bank, after which an order will be entered filing the intervening petition of the trustee and substituting the trustee as plaintiff in lieu of the bank.

Appellees raise the question that the bank's action was prematurely brought since the clerk's indorsement on the petition shows it was filed April 21, 1930, to set aside a fraudulent conveyance made eight months later, on December 20, 1930. They argue parol evidence is not admissible under Simpson v. Antrobus, 260 Ky. 641, 86 S. W. (2d) 544, to contradict the record made by the clerk of the court and to show that this petition was actually filed April 21, 1931. The record before us shows that the summons was issued on the petition on April 21, 1931, and that it was executed on that day; hence, it is apparent the indorsement on the petition that it was filed April 21, 1930, and that summons were issued then was a clerical misprision. Under Section 519 of the Civil Code of Practice a clerical misprision may be corrected by the court upon motion duly made after notice. Higdon v. Com., 257 Ky. 69, 77 S. W. (2d) 400. There is no statute requiring the clerk to indorse on the petition the date summons issued, and the court properly heard proof from the clerk that the summons was actually issued April 21, 1931. Simpson v. Antrobus, supra. An action is commenced when the petition is filed and summons is caused to be issued, or a warning order made,

in good faith. Section 39, Civil Code of Practice; Section 2524, Kentucky Statutes; Simpson v. Antrobus, supra; Hudson's Adm'x v. Collins, 239 Ky. 131, 38 S. W. (2d) 975. Therefore, this action was not prematurely brought on April 21, 1930, but it was instituted on April 21, 1931, the date the record shows summons was issued on the petition.

The judgment is reversed for proceedings consistent with this opinion.