## Congleton Lumber Co. et al. v. Watkins et al.

April 23, 1940.

King Swope, Judge.

L. O. Thompson, W. H. Cecil, and D. C. Hunter for appellants.

George W. Vaughn for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On October 11, 1934, Mrs. Lottie Watkins, a widow, conveyed to her son, W. G. Watkins, 15 lots in blocks A and B of the Goodrich Avenue subdivision of the city of Lexington for the recited consideration of $1 and other valuable consideration and the further consideration of an assumption and agreement of the grantee to assume a mortgage indebtedness to Hugh French of $1,100 with accrued interest and $498 past due taxes owing by the grantor.

In March, 1935, the Congleton Lumber Company, a corporation, initiated this litigation and in its petition, as amended, alleged that the conveyance was made without adequate or any just or valuable consideration and at a time when the grantor and grantee knew the grantor was insolvent and that any remaining property she had would be insufficient to pay her creditors, including plaintiff, and when numerous suits were pending against the grantor on mortgages, liens, etc., and that the conveyance was made for the purpose of cheating, hindering and delaying her creditors. Other creditors of Mrs. Watkins intervened, attacking the conveyance on the same grounds and still others who held liens against some or all of the property conveyed and who were made parties filed answer and cross petition setting up their liens and asking that same be enforced.

Lottie Watkins and W. G. Watkins made a general denial of the allegations of the petition, intervening petitions, etc., and alleged that the conveyance was made in good faith and for a valuable consideration. The cause was referred to the master commissioner of the court to hear proof, ascertain and report to the court the liens, if any, and their priority against the lots referred to in the deed which was done and thereafter judgment was rendered in favor of the lien holders for their respective debts with directions that the lots be sold to satisfy the lien indebtedness.

Pursuant to the judgment the commissioner sold lots 9, 10, 11, 12, 34 and 35 in block B to Bettie Wheat for the sums of $625, $575, $500, $525, $170 and $125, respectively, and lot 33 in block B to the Congleton Lumber Company for $160 and lot 36 to Martin B. Frazer for $125. The commissioner reported that Bettie Wheat and the Congleton Lumber Company failed to comply with the terms of the sale by paying cash for the property or executing bond therefor as required by the judgment and order of sale. Thereafter the lots which were bid in by Bettie Wheat were resold and Guy Kessler purchased lot 9 for $635, the Congleton Lumber Company purchased lot 10 for $595 and lot 11 for $590 and Fred P. Moberly purchased lot 12 for $1,025. These sums and the $160 bid for lot 33 and the $125 bid for lot 36 at the first sale, aggregating $3,130, amounted to $487.87 more than necessary to pay the lien debt, taxes, interest and costs. Therefore no other lots were sold.

The cause was also referred to the master commissioner to hear the proof and make report on the issues made by the petition, intervening petitions and the answers thereof. After taking proof the commissioner filed a comprehensive report, reviewing the evidence and found as a matter of fact that the conveyance of the lots by Lottie Watkins to W. G. Watkins was made for an adequate, just and valuable consideration and not for the purpose of defrauding the creditors of the former; that neither the plaintiff nor the intervening petitioners were entitled to have the deed canceled or held for nought or to have the lots conveyed thereby sold for the purpose of paying their debts against the grantor and he found as a matter of law that the petition of plaintiff and the intervening petitions in so far as they sought to set aside the deeds should be dismissed; that the defendants, Lottie Watkins and W. G. Watkins, were entitled to recover from the plaintiff and interveners their costs.

The chancellor overruled exceptions to the report of the commissioner and confirmed same and from a judgment in conformity therewith this appeal has been prosecuted by the plaintiff and intervening petitioners, the Citizens Bank and Trust Company and L. H. Hornbrook.

It is first argued by counsel for appellants that upon

the pleadings the burden was upon appellees to show the fairness of the transaction and that it was made for an adequate consideration. As a general rule one attacking a conveyance as fraudulent has the burden of establishing grounds of attack. Stewart v. Wheeler, 220 Ky. 687, 295 S. W. 991; Marler v. A. L. Greenburg Iron Co., 216 Ky. 682, 288 S. W. 676; Wyan v. Raisin Monumental Co., 243 Ky. 431, 48 S. W. (2d) 1050. But it is an equally established rule that where it is made to appear that the conveyance under attack is attended with badges of fraud the burden shifts to the parties to the conveyance to show the fairness and bona fides thereof. Frances v. Vastine, 229 Ky. 431, 17 S. W. (2d) 419.

Without going into detail it is sufficient to say that the transaction between Mrs. Watkins and her son was attended with recognized badges of fraud, therefore under the authorities cited, the burden was upon appellees to establish the alleged good faith and fairness of the transaction. The sufficiency of their evidence in that particular will be treated in discussion of other grounds.

The second and third grounds assigned for reversal and which may properly be considered together are, in substance, that the court erred in confirming the report of the commissioner finding that there has been a great fluctuation in the value of the lots and his finding from the evidence that as a matter of fact the lots were conveyed for an adequate, just and valuable consideration. The commissioner stated in his report that there had been a great fluctuation in the value of the lots in controversy and as evidence of this pointed out the increase in the amount bid for lots 9, 10, 11 and 12 in block B at the last sale held on April 1, 1937, over the price bid for them at the sale on December 5, 1936, this increase amounting to $530. But most of the increase was in the price bid for lot 12. It is pointed out by appellants that the values fixed on all the lots by appraisers before the two sales were practically the same. The evidence shows that at the time of the conveyance and prior thereto Mrs. Watkins had encountered financial difficulties and was unable to meet her obligations. Judgment had been recovered and actions were pending against her. W. G. Watkins lived with her and knew of these difficulties. Tax bills against her were due and unpaid and apparently she was unable to meet even the

interest on mortgage indebtedness against her. Appellees testified that in addition to assuming to pay the $489 past due taxes and the $1,100 mortgage indebtedness with interest, W. G. Watkins paid to his mother $50 in cash as a consideration for the conveyance. They both testified that they acted in good faith and that the consideration recited and paid was the fair cash value of the lots at the time. Mrs. Watkins detailed at length her efforts to dispose of the lots prior to the time she made the deed to her son, stating that she attempted to sell a lot to one of appellants but was unable to do so; that she listed the lots with different real estate agents but that they were unable to effect a sale or to interest any one in them. Different real estate agents with whom she had listed the lots testified that they tried to interest prospective purchasers of lots in Mrs. Watkins' property but were unable to do so and failed to even get a bid on any of them. W. G. Watkins testified that there had been an increase in the value of the lots between the time of the conveyance and the sale made by the commissioner but this was due to the fact that in the meantime adjoining portions of the subdivision had been greatly built up with residences. Appellants introduced no evidence whatever bearing on the value of the lots at the time of the conveyance.

In this connection we may properly give attention to a further argument that the court erred in confirming the report of the master commissioner in finding that appellants lacked diligence by failure to obtain and have execution levied upon the lots in question until after the conveyance had been made. It is true as argued that appellees interposed no plea of estoppel or laches and we do not understand that the commissioner based his ultimate conclusion upon that theory but apparently treated that delay in connection with the fact that appellants introduced no evidence concerning the value of the lots at the time the conveyance was made as an implied or tacit admission upon their part that the equity, if any, of Mrs. Watkins in the lots would not be sufficient to satisfy appellants' claim or any considerable portion thereof. Those circumstances give rise to inferences that strongly militate against appellants' claim of inadequacy of consideration. In view of the uncontradicted evidence for appellees concerning the value of the lots at the time the conveyance complained of was

810

made it is quite apparent that there would be no justification for holding that appellees did not meet the burden imposed upon them.

It is a general rule that findings of fact made by a commissioner and approved and confirmed by the circuit court will not be disturbed where in accord with the evidence or where the evidence of the complaining parties does nothing more than raise a doubt concerning the correctness thereof. Gay v. Hardman, 276 Ky. 624, 124 S. W. (2d) 1048; Blackburn's Adm'x v. Union Bank & Trust Co., 269 Ky. 699, 108 S. W. (2d) 806. The appellate court will not disturb or set aside a result reached by the master commissioner confirmed by the chancellor unless clearly convinced that error has been committed. Williams v. Denny, 238 Ky. 662, 38 S. W. (2d) 668.

It is further argued that even though W. G. Watkins should be held to be a purchaser in good faith from his mother he should be protected only to the extent of the consideration actually paid at the time of the conveyance or thereafter paid in good faith on liens and taxes against the property conveyed, and Roberts, Johnson & Rand v. Baker, 224 Ky. 414, 6 S. W. (2d) 474, is cited. But in the proven circumstances we do not think the authority cited supports such contention.

Judgment affirmed.