## Kentucky-Virginia Stages, Inc. v. Senter.

February 9, 1951.

As Modified on Denial of Rehearing March 23, 1951.

E. D. Stephenson, Judge.

Stoll, Keenon & Park and Baird & Hays for appellant.

J. E. Childers for appellee.

CLAY, COMMISSIONER—Affirming.

Appellant appeals from a judgment awarding personal injury and property damages in a motor vehicle collision case. The controlling question is whether or not we may consider a so-called "Bystanders Bill of Exceptions" filed in this Court.

The action was tried on June 24, 1949. It resulted in a verdict for appellee. Appellant was given until the last day of the September term within which to prepare and file its bill of exceptions. The last day of the term was October 1, 1949. On that day the official stenographer presented to the clerk "a few sheets" of the purported bill of exceptions, and the clerk marked one of the pages thereof, "tendered and offered to be filed." As a matter of fact, the bill of exceptions had not been completed, and was not filed at that time.

Subsequently, on October 24, appellee moved to set aside the order showing the bill of exceptions had been tendered. The Court took proof on this motion; later sustained the motion; and refused to sign the bill which had in the meantime been completed. Appellant has attempted to file in this Court what is designated as "Bystanders Bill of Exception," and insists it must be considered in passing on the merits of this appeal.

Appellant's contentions are in the alternative. It first says that the bill of exceptions was properly filed in the lower Court, and it was the duty of the Circuit Court to approve it. This is not true because the completed bill was not tendered in time. Appellant argues, however, that the Court had no jurisdiction to set aside the order showing it had been tendered on October 1, 1949. Whether or not the Court had jurisdiction to correct this entry as a clerical misprision under Section 519 of the Civil Code of Practice, see Citizens Bank & Trust Co. v. McEuen, 281 Ky. 113, 134 S.W.2d 1012, it is unnecessary to decide. Even if the Court did not have jurisdiction to enter this order, the bill of exceptions was never signed and approved, and consequently cannot be considered by this Court.

Appellant's contention that we must treat the tendered document as a bystanders bill is equally without merit. Where the bill would have been signed by the Judge of the Circuit Court if it had been tendered in

time, which is the case here, it may not be considered as a bystanders bill. Asher v. Asher, 203 Ky. 540, 262 S.W. 941.

Since we cannot consider the evidence in the case, the only remaining question is whether or not the pleadings support the judgment. Careful examination indicates clearly that allegations of the plaintiff's petition justified the judgment.

The judgment is affirmed.