## Lee v. Weller.

(Decided June 2, 1911.)

Appeal from McCracken Circuit Court.

1. Tax Sale for Excessive Amount—A tax sale for anything more than is lawfully chargeable against the property is a sale without jurisdiction, and is void.

2. Same—The maxim de minimis non curat lex will not be applied so as to prevent a slight excess from invalidating a tax sale.

3. Res Judicata—Bar—The failure of the holder of a tax-title to maintain his suit in ejectment does not prevent him from asserting his lien given by section 4036, of the Kentucky Statutes, for that part of the tax paid by him and for which the property was liable.

EATON & BOYD for appellant.

MILLER & MILLER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On March 29, 1905, Mrs. Cora Trainor sold and conveyed her town lot in Paducah to the appellee, G. P. Weller. On December 5, 1905, the sheriff sold the property, and for want of a bidder bought it for the Commonwealth for the State and county tax for 1905. On August 15, 1910, W. M. Husbands, the County Revenue Agent, advertised in a newspaper, as required by law, that he would again sell the lot on September 12, 1910, for the unpaid tax and the penalties that had accrued thereon. Pursuant to the notice, Husbands sold the lot to the appellant, Mrs. C. C. Lee, for $26.93, and on November 16, 1910, the Auditor executed and delivered to her a deed therefor. On December 15, 1910, Mrs. Lee instituted this suit in ejectment against Weller to recover possession of the lot, and for $150.00 damages for the wrongful detention thereof. Upon a trial of the case the court dismissed the plaintiff's petition, and from that judgment she prosecutes this appeal.

The answer presents several grounds of defense; but, under our view of the case, it is only necessary to consider one of the most substantial grounds, and that is, that the property was sold for more than the tax due upon it. If that fact be true, the sale was void and conveyed no title to Mrs. Lee.

In Smith v. Ryan, 88 Ky., 636, this court said:

"A tax sale for anything more than is lawfully chargeable is a sale without jurisdiction, and, therefore, void. If made for more than is due, it is an excess of jurisdiction."

In 2 Cooley on Taxation (3rd Ed.), 955, the same doctrine is announced in the following terms:

"If the levy should be void, there would of course be nothing to uphold a sale. And if a valid levy were to be increased afterwards by unlawful additions, the sale would be equally bad. The statutory power is a power to sell for lawful taxes and lawful expenses, and if it is exceeded by including unlawful items of either class, the power is exceeded and its exercise is invalid in toto from the manifest impossibility of saving the sale in part when the invalidity extends to the whole. Nor can the maxim *de minimis* be applied so as to prevent a slight excess from invalidating the sale. It is to be presumed, when the sale has been made for a sum in part illegal, that some undefined and undefinable portion of the land has gone

to satisfy an illegal demand, and that such part would not have been sold at all if only what was lawful had been called for.''

And in Black on Tax Titles, section 97, it is said:

''It is immaterial how small may be the illegal element that enters into the demand. Furthermore, this defect in the proceedings is vital and jurisdictional. It is not a mere irregularity.''

Fish v. Gennett, 22 Ky. L. R., 179; Husbands v. Polivick, 128 Ky., 658, are to the same effect.

In this case the land was assessed at $500.00. The State tax was fifty cents on the one hundred dollars. (Ky. Stats., sec. 4019.) The entire State tax was, therefore, $2.50. The various levies for county purposes aggregated eighty cents on the hundred dollars, thus making the county tax amount to $4.00, and the entire county and State tax to $6.50. In making the sale for the county tax the sheriff added $1.50 poll tax to the county tax, making that tax $5.50 instead of $4.00. As finally made, the total amount for which the sale was made in behalf of the county was $6.41 instead of $4.91; while the State and county tax together really amounted to only $6.50. There is some obscurity in the testimony of the Revenue Agent as to what amounts were included in the total sum of $26.93 for which the property was finally sold; but it is clear that in making that final sale to appellant for $26.93 the Auditor's Agent sold for a greater sum than was owing. Moreover, it is conceded that the poll tax was included in the amount raised by the first sale, and that it was carried into the total upon which interest and penalties were calculated in ascertaining the $26.93 for which the lot was finally sold. Mrs. Trainor was not liable for a poll tax, and under the authorities cited the act of the Revenue Agent in selling her ground for that portion of the tax rendered the sale void, and passed no title to Mrs. Lee.

In Fish v. Gennett, supra, this court said:

''If land is sold for both State and county taxes added together in a single sum the whole proceeding is void, if either tax be illegal.''

The fact that the county tax for which the lot was sold included the invalid poll tax, was sufficient to make the sale void.

But, in addition to that defect, the evidence shows that the several sales were made to collect a greater sum than was due under the law, if the poll tax be omitted. The total State and county tax did not exceed $7.96.

In James, Auditor, v. Blanton, 134 Ky., 815, the court, in construing the statute, said:

"Purchase money bears interest at thirty per cent per annum for two years, and a penalty of fifteen per cent. on the amount of the purchase price is added. Interest runs on this gross sum at six per cent. from the expiration of the two years up to the time of the payment to the Revenue Agent, and fifteen per cent. on the amount due is then to be added."

See also Moseley v. Hamilton, 136 Ky., 688.

The property was sold to Mrs. Lee for $26.93; and a simple calculation will show that the tax could not have amounted to that sum at the time the Revenue Agent sold it in September, 1905.

As the sale was void, Mrs. Lee acquired no title by her purchase, and the circuit court properly decided against her.

The judgment herein will not, however, bar appellant from enforcing her lien under section 4036 of the Kentucky Statutes for the valid portion of the tax if it is not paid.

Judgment affirmed.