## Woods, et al. v. Davis.

(Decided March 25, 1913.)

### Appeal from Owen Circuit Court.

1. Mortgages—Executed by Married Woman—Valid Between Parties Though Not Recorded—Pleading.—A mortgage executed by a married woman and her husband, is valid between the parties, though not recorded, and a petition is not defective which fails to allege that the mortgage was recorded.

2. Attachment—Failure of Affidavit to State Claim Is Just—Not Ground of Objection in Court of Appeals.—The failure of the affi-

davit for an attachment to state that the claim is just cannot be made a ground of objection for the first time in the Court of Appeals.

3. Exemptions—Mortgagor Not Entitled to Out of Mortgaged Property—Waiver.—A mortgagor is not entitled to exemptions out of mortgaged property, although by the mortgage only his homestead exemption is waived.

4. Mortgages.—A mortgage upon a stock of merchandise does not include furniture and fixtures.

W. A. LEE for appellant.

VALLANDINGHAM & ALEXANDER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Mrs. J. E. Davis and her husband, B. L. Davis, brought this suit against Mrs. Ida W. Woods and her husband, L. R. Woods, to recover on two notes, each for $325, executed by them to Mrs. Davis and to enforce a mortgage on a stock of merchandise and a tract of land, executed to secure the notes, by Mrs. Woods and her husband. A specific attachment was taken out, the stock of merchandise was sold. The land was placed in the hands of a receiver and rented out, and on final hearing a judgment was entered in favor of the plaintiffs. The defendants appeal.

It is insisted on the appeal that the mortgage was not binding on the wife because she was coerced by her husband to sign it, and her husband was present when she acknowledged it. The proof fails to sustain either of these propositions and under the rule announced by us in Bebout v. Old Ky. Manufacturing Co., 145 Ky., 656, the circuit court properly held the mortgage valid.

Appellants also insist that by mistake the notes were executed for $125 more than was due. The burden was on the defendant to establish this defense by preponderance of evidence, as the notes make out for the plaintiff a *prima facie* case. The weight of the evidence is with the plaintiff on the proposition, and the circuit court properly gave judgment for the full amount. The petition alleged that the mortgage was executed and delivered and the paper is copied into the petition. It is not necessary that the petition should allege that the mortgage was recorded as it is valid between the parties though not recorded. There is no distinction in this re-

spect between the deeds of a married woman and other persons. (Ky. St. Secs. 505, 2128). It is expressly set out in the answer that Mrs. Woods acknowledged the mortgage. Section 2128 Ky. St. provided as to a married woman:

"She may make contracts, and sue and be sued as a single woman, except that she may not make any executory contracts to sell or convey or mortgage her real estate unless her husband join in such contract."

The petition shows that the husband and wife joined in the mortgage and is sufficient.

It is insisted that the affidavit for the attachment is insufficient because it does not state that the claim is just. This objection appears to have been made for the first time in this court; for though a written motion was made to discharge the attachment, it was made upon other grounds as shown by the writing filed. The question of the sufficiency of the affidavit cannot be made for the first time in this court. (Mitchell v. New Farmers' Bank, 22 R., 1291; O'Connor v. Sherley, 107 Ky., 70; Ware v. Long, 24 R., 696.)

By the mortgage the property is conveyed by the grantors to the grantee to secure the debt. As against the mortgage L. R. Woods is not entitled to exemptions as a housekeeper, and it is not material that no reply was filed to his amended answer setting up this claim, as the court might properly have sustained a demurrer to this part of the pleading, though in the mortgage he waived his homestead exemption, and exemptions of personal property are not referred to.

The mortgage was upon the stock of goods; it did not by its terms include the furniture and fixtures. The circuit court properly so held.

The judgment is affirmed on the appeal and on the cross appeal.