## Brown's Administrator v. Gabhart et al.

(Decided January 14, 1930.)

E. H. GAITHER for appellant.

R. E. GRAVES and C. E. RANKIN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On December 23, 1927, Dr. W. S. Gabhart brought an action against A. J. Brown to recover a balance of $500 on an account for medical services. An affidavit for an attachment was made, and an attachment bond executed. The attachment was issued; also a summons for A. J. Brown. The summons was returned "Not found." The attachment was levied on a diamond stud in the possession of the Mercer National Bank. On September 7. 1928, Gabhart filed an amended petition, stating that Brown had died intestate, a resident of Mercer county, and that the State Bank & Trust Company of Harrodsburg had duly qualified as his administrator, and was acting as such. He made the bank a party to the action, and prayed that the action be revived against it. The summons was duly issued on the petition. It was executed on the bank. On the same day the Mercer National Bank filed its answer as a garnishee, stating that it had possession of one diamond stud, which it held for safe-keeping for A. J. Brown.

On February 8, 1928, Ben Birdwhistle filed an action against A. J. Brown, seeking to recover against him on

a note for $100. He also filed an affidavit for an attachment and executed an attachment bond, but so far as appears from the record no attachment was issued. On October 5, 1929, an order was entered in this action, suggesting the death of A. J. Brown and the appointment of the State Bank & Trust Company as his administrator, and by consent of the administrator it was made a defendant to the action, entered its appearance, and the cause was revived against it. On the same day in the two actions an order was entered, by which the two causes, asserting a lien on the same property by way of garnishment, were consolidated; judgment was entered in favor of Gabhart for $500, with interest and costs, and a sale of the diamond stud was ordered. The attachment in each case was sustained, Gabhart's lien was adjudged superior to Birdwhistle's, and the garnishee was ordered to deliver the diamond stud to the commissioner. On May 8, 1929, in the consolidated actions appellant entered the following motion:

"The defendant, State Bank & Trust Company of Harrodsburg, Kentucky, moves the court to set aside and declare void the judgment rendered herein October 6, 1928, because the said judgment is prematurely entered; this defendant, State Bank & Trust Company, administrator of A. J. Brown, at said time of entering said judgment not being before the court by any order of revivor, and because of irregularities in the proceedings by which the defendant State Bank & Trust Company as administrator aforesaid was brought before this court, and because no demand was made of this administrator and no affidavit filed as required by law."

The court overruled the motion, to all of which the bank, as administrator, excepted, and prayed an appeal to this court, which was granted.

Section 519 of the Civil Code provides:

"The motion to vacate a judgment because of its rendition before the action regularly stood for trial cannot be made after the expiration of the first three days of the succeeding term."

The motion here to set aside the judgment was not made until the second term of the court after the judg-

ment was rendered. It therefore came too late as an application to set aside the judgment, on the ground that it was rendered before the action regularly stood for trial. If the judgment was not premature, and was not void, it could only be opened after the term upon petition filed under section 520 of the Civil Code. The court was therefore without any authority to modify the judgment on motion at a subsequent term, unless it was void. It only remains, therefore, to determine whether the judgment was void. A void judgment may be set aside at any time.

In 34 C. J. p. 509, sec. 811, the rule is thus well stated:

"A void judgment is one that has merely the semblance of a judgment, without some essential element or elements upon which its validity as such depends. It is only jurisdictional defects which render a judgment void; mere irregularities or errors in the exercise of jurisdiction may or may not render the judgment reversibly erroneous, or voidable, but they do not render it void."

To same effect, see 15 R. C. L. p. 84, secs. 317, 318.

Appellant had entered its appearance in the Birdwhistle case, and by consent that action had been revived against it. In the Gabhart case, by the amended petition, it had been made a party to the action and process had been served upon it. The two cases were consolidated. Certainly it was regularly before the court in the Birdwhistle case. The court had jurisdiction of the subject-matter. It had also jurisdiction of the parties, and so, in that case, the order of sale was not void. In the other case it was before the court by actual service of process, and if the court had, in the order consolidating the two cases, also made an order of revivor in this case, the proceeding would have been perfectly regular. But this is the effect of the judgment the court entered; for it in effect determined that the defendant was before the court. Though irregular, the judgment was not void.

In Sackett v. Grinstead, 176 Ky. 91, 195 S. W. 103, relied on by appellant, the defendant died November 5, 1910. His widow qualified as his executor, and on September 4, 1911, an amended petition was filed praying a revivor against her. It was a real action, and there were no steps taken against the heirs at law. The widow married again on July 23, 1914. On February 8, 1916, the

340

court dismissed the action for want of revivor. More than a year had then elapsed after the widow's marriage, and all her powers to act had ceased, and although five years had elapsed no steps had been taken to bring in the heirs at law. Here the circuit court did not dismiss the action, but entered judgment for the plaintiff. It was a personal action. The judgment for the plaintiff in the personal action against the administrator was in effect a determination by the court that the personal representative was before the court and a party to the action. A recital of this would have added nothing to the legal effect of the judgment.

The objection that the affidavit for the attachment was defective was not made in the circuit court within the time it could be considered by that court, and cannot be raised for the first time in this court. Woods v. Davis, 153 Ky. 99, 154 S. W. 905. The lien of the attachment is the same as an execution lien, under section 212 of the Civil Code, and may be enforced by proper proceedings after the death of the defendant. Holeman's Ex'r v. Holeman's Heirs, 2 Bush, 514.

The objection that no affidavit was filed as required by section 3872, Kentucky Statutes, could not be considered by the circuit court, on the motion herein made after the judgment had become final and equally cannot be considered here on appeal from the order overruling that motion, which is the only order appealed from.

Judgment affirmed.