# Board of Drainage Commissioners of McCracken County v. Alexander et al.

(Decided October 21, 1930.)

690

A. E. BOYD for appellant.

C. A. WICKLIFFE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Lon McKinney was the owner of a tract of land located in McCracken county in Mayfield Creek drainage district No. 1. The land was assessed for the costs of draining the district for the years 1921, to 1926, inclusive, but none of the assessments have ever been paid. On March 6, 1922, the property was sold by the sheriff of McCracken county for the taxes due for the year 1921. The board of drainage commissioners of McCracken county became the purchaser and received from the sheriff a deed to the land. Thereafter McKinney remained in the possession of the land, and during the fall of 1925 sold a quantity of timber on the land to the Dominion Construction Company for the sum of $399. Being uncertain as to who was entitled to the money, the Dominion Construction Company paid the $399 to L. B. Alexander, who was to hold the money as trustee until the question was decided.

Relying upon the claim that the sheriff's deed was void, McKinney sued Alexander and the board of drainage commissioners to recover the money, and to have it adjudged that the board had no interest in the fund. Alexander filed an answer setting forth the capacity in which he held the money and asking the court to adjudge to whom the money was payable. In its answer and cross-petition the board of drainage commissioners claimed title to the fund by virtue of the sheriff's deed and asserted a lien thereon, in case the deed was void, to the extent of $808.82. On completion of the pleadings the cause was submitted on an agreed statement of facts in which, in addition to the facts hereinbefore stated, it was stipulated that the sheriff's sale was made without proper notice; that at the time the sale was made the board of drainage commissioners had a lien upon the land to secure the payment of the tax for which the land was sold, and that it still has a lien upon the land to

secure the payment of the correct amount of assessments, interest, penalties, and costs, as shown by the district assessment record. The court adjudged McKinney entitled to the fund and dismissed the cross-petition of the board of drainage commissioners. From that judgment this appeal is prosecuted.

It may be conceded that the circuit court ruled correctly in holding that the sheriff's deed was void for want of proper notice, but we are unable to concur in the conclusion that the board of drainage commissioners was not entitled to a lien on the fund in controversy. We have ruled in numerous cases that the purchaser at an invalid tax sale, though acquiring no title to the property, is entitled to a lien on the property for the amount of the taxes, interest, penalties, and costs, paid by him. Lee v. Weller, 144 Ky. 70, 137 S. W. 782; Brachey v. Peddicord, 199 Ky. 75, 250 S. W. 511; Miller v. Powers, 184 Ky. 418, 212 S. W. 453; Crab Orchard Banking Co. v. Saunders, 174 Ky. 68, 191 S. W. 652; Taylor, etc., v. Arndell, 192 Ky. 249, 232 S. W. 658. Though conceding this to be the rule, it is insisted on behalf of appellee that the rule is confined to taxes for the general upkeep of the commonwealth, and to cases where the purchaser is a third party, and not the owner of the lien, and should not apply to sales for improvement taxes where the purchaser and lienholder are the same person. We can see no difference in principle between the two classes of cases. Though given by different statutes, the lien in favor of the board of drainage commissioners for unpaid improvement taxes is no less effective than the lien of the commonwealth on property on which the taxes have not been paid. Where a tax sale is valid the lien is merged in the title. Where it is invalid the lien is not affected. The basis of the rule that the purchaser at an invalid tax sale is entitled to a lien on the property is that, upon failure of title, he is subrogated to the rights of the lienholder. If, however, the lienholder be the purchaser, and the sale prove invalid, it is not necessary to resort to the doctrine of subrogation, but the original lien remains in force. Not only is the soundness of these propositions beyond question, but it is stipulated in the agreed statement of facts that the board of drainage commissioners had and has now a lien on the land. The timber being a part of the land was covered by the lien. As the Dominion Construction Company purchased with

692

notice of the lien, the board of drainage commissioners could have asserted its lien against the timber. To avoid this situation the purchaser paid the money to Alexander to be held by him as trustee until the question of ownership was decided. In the circumstances the proceeds of the sale took the place of the timber itself, and the lien on the timber attached to the proceeds. It is no defense to say that the board of drainage commissioners may still proceed against the land. It is entitled to its lien on the entire property undiminished by any act of the owner. Nor is there any merit in the defense that the amount of its claim was denied by reply. As before stated, it was stipulated in the agreed statement of facts that the board has a lien upon the land to secure the payment of the correct amount of assessments, interest, penalties, and costs, as shown by the district assessment. Therefore, the correct amount may be easily ascertained, and all that we hold is that, to the extent of that amount, the board of drainage commissioners has a lien on the fund in question.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.