## Colovas v. Allen Motor Company.

(Decided January 22, 1932.)

B. S. HUNTSMAN for appellant.

CHARLES R. BELL for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing in part and affirming in part.

On May 10, 1930, appellee, F. E. Allen, who operates an automobile sales agency under the name of the Allen Motor Company, sold and delivered to appellant a Chrysler automobile, known as model 77, for $1,895. He took in trade a used automobile at a valuation of $625, and for the balance of the purchase price, amounting to $1,270, appellant executed a note payable in 12 equal monthly installments, with interest at the rate of 6 per

cent from maturity, and to secure the payment of the note he executed and delivered to appellee a mortgage on the automobile. The note contained a precipitation clause. No payments were made on the note, and on October 9, 1930, the appellee brought this suit for the full amount of the note with interest, and prayed that he. be adjudged a lien on the automobile by virtue of the mortgage, and that it be sold to satisfy the lien. A general order of attachment was also prayed for under section 194, subsection 2, of the Civil Code of Practice. An attachment was levied on the mortgaged automobile and on a parcel of real estate in which appellant owned an undivided one-half interest.

In his answer appellant admitted that he signed the note, but alleged that it should have been for the sum of $970 instead of $1,270, and that he was unable to read, and did not learn of the mistake until two days after the note had been executed, when he offered to return the car and demanded that the note be returned to him. He also alleged that the appellee warranted the automobile to be perfect in construction and operation, but that it was, when delivered to him, defective in construction, and he was compelled to have repairs made at cost of $7.20 to obtain any real service out of it, and that it was still defective and unsatisfactory for use. It was also alleged in the answer that on May 12, 1930, the price of the automobile was reduced $250, and that the appellee knew when the note in question was executed that the price on the automobile was to be reduced, and that he thereby fraudulently concealed from the appellant its true price, with the intent and purpose of defrauding him out of the sum of $250. Upon the submission of the case, the lower court entered a judgment in favor of appellee for $1,270, with interest at the rate of 6 per cent from May 10, 1930. The appellee was also adjudged a lien on the automobile by reason of the mortgage, and it was ordered sold to satisfy the mortgage lien. The attachment which had been levied on the parcel of real estate in which appellant owned a one-half interest was sustained, and it was ordered that, in the event a sale of the automobile failed to satisfy the judgment debt, appellant's one-half interest in the real estate upon which the attachment had been levied should be sold to satisfy the unpaid balance.

Appellant filed a motion to discharge the attachment, which was overruled, and it is insisted that this ruling

was erroneous. The affidavit for an attachment was incorporated. in the petition, and begins as follows: "Plaintiff further states that as he believes the defendant does not have sufficient property in the state of Kentucky subject to execution to satisfy his demand sued on herein, and that the collection of his said demand will be endangered by delay in either obtaining judgment or a return of no property found." The verification of the petition reads: "The affiant, F. E. Allen, states that he is the plaintiff in the above styled cause; that he has read the statements contained therein and that they are true, to the best of his knowledge and belief." Reading the body of the affidavit and the verification together, the plaintiff merely states that to the best of his knowledge and belief he believes the defendant does not have sufficient property in the state of Kentucky, etc. Attachments are summary proceedings and their technical requisites are strictly construed. Clolinger v. Callahan, 204 Ky. 33, 263 S. W. 700. The facts necessary to procure an attachment must be charged directly and positively and not on belief, or information and belief. Where the affidavit states that the affiant believes the facts therein, but is sworn to as true and not on belief merely, or where the affidavit states the facts directly, and it is sworn to on information and belief, it is in either instance sufficient. Williams v. Martin, 1 Metc. 42; Ryan v. Bean's Administrator, 2 Metc. 137.

Here the affidavit does not state the facts directly, and was sworn to on information and belief, and is therefore insufficient. The court erred in overruling appellant's motion to discharge the attachment.

Appellee argues that the motion to discharge the attachment was insufficient because the grounds for the discharge are not stated in the motion. The motion reads: "Comes the defendant and moves the court to discharge the order of attachment herein because the petition does not state facts sufficiently or specifically to authorize the issuing of same." While the question of the sufficiency of the affidavit cannot be made for the first time in this court (Woods v. Davis, 153 Ky. 99, 154 S. W. 905), the motion to discharge the attachment made in the instant case raised the question of the sufficiency of the affidavit both as to substance and form. On the merits of the case the evidence supports the chancellor's finding.

While the appellant testified that the unpaid consideration for the automobile was $970, which he contends should have been the amount of the note, his testimony is not clear as to how he reaches that result. He admits that the price of the automobile was $1,895. A few days before this transaction, he had purchased a smaller automobile from appellee for $975, and appellee had taken in exchange an old damaged automobile from appellant at a valuation of $400, and appellant had executed his note for the balance of $575. When the sale of the larger automobile was made, appellant returned the recently purchased one, and appellee agreed to cancel the note for $575 and to increase the allowance on the old automobile from $400 to $625 by reason of the larger commission received. If appellant's contention that the note should have been executed for $970 instead of $1,270 is correct, it follows that the allowance was $925 on the old automobile on which appellant had recently accepted a valuation of $400. Appellee and his salesman, Boone Claypool, testified positively that no such allowance was made.

Some point is made of the fact that the list price on the Chrysler Automobile No. 77 was reduced $230 by the Chrysler corporation as of May 12, 1930. Appellee received a notice of the reduction in price on May 14, 1930. It appears that he reported the sale as having been made on May 14, and the Chrysler corporation refunded to him and to the general agent at Louisville $230, of which appellee received $180. If the true date of the sale had been reported, no refund would have been due. This was a matter, however, between the Chrysler corporation and appellee, and, as the transaction actually occurred on May 10, two days before the reduction in price became effective, appellant has no ground of complaint. The evidence failed to show that the automobile in question was defective.

It is argued that the court erred in permitting a reply to be filed controverting the affirmative matter in the answer after the proof had been taken and the case was ready for submission. No order of submission had been entered when the reply was filed, but the record was in the hands of the court. The order filing the reply gave the appellant five days in which to take additional proof, if he so desired. The parties apparently had treated the averments of the answer as controverted, and proof had

been taken accordingly. Where a case has been submitted on the merits with the issues treated as having been joined, the judgment will not be reversed on account of failure to file a pleading controverting affirmative matter in a pleading that has been filed. Hunt's Executrix v. Mutter, 238 Ky. 396, 38 S. W. (2d) 215; Glens Falls Insurance Company v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219. Here the reply was filed and appellant was given time in which to take additional proof, if he so desired, and, under the circumstances, the court did not abuse a sound discretion in permitting the filing of the pleading. Section 134, Civil Code of Practice.

The judgment allows interest on the amount of the note from May 10, 1930, whereas the note provided that it should bear interest from maturity. The judgment should have allowed interest on each installment from the maturity thereof and on the entire amount from October 9, 1930, when all of the installments were precipitated. This was a clerical misprision which may be corrected at any time, and does not require a reversal of that part of the judgment.

The judgment is reversed in so far as the attachment was sustained, and in all other respects it is affirmed.