## Higdon v. Commonwealth.

(Decided Dec. 21, 1934.)

J. E. WISE and J. W. HODGES for appellant.

FAUREST & FAUREST, CHESTER O. CARRIER, JOHN M. CAMPBELL, and BAILEY P. WOOTTON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On July 12, 1933, there was filed in the Grayson circuit court a petition charging that the petitioner was reliably informed that J. B. Higdon was a person of unsound mind and incompetent to handle his estate by reason of infirmity and weight of age, and asking that an inquest be held to pass on the subject. On account of the absence of the regular circuit judge, the county judge of Grayson county took his place and presided at the trial. At the conclusion of the evidence, including the report of the examining physicians, the court gave the following instruction:

"The court instructs the jury that if they believe from the evidence in this proceeding that the mind of the defendant, J. B. Higdon, has on account of any infirmity or weight of age become so unsound as to render him incompetent to manage his estate, you will by your verdict so find and also say what estate he owns in possession, reversion or remainder, giving the value thereof, and the place of his residence."

The jury returned the following verdict:

"We, the jury, find that J. B. Higdon incompetent to manage his estate. Find that his estate estimated by we the jury to about $22,000.00."

Thereupon the court entered the following judgment:

"Wherefore it is adjudged by the court that said J. B. Higdon is incompetent to manage his estate and that F. F. White be appointed as Committee to have the care and custody of the person under trial."

His motion for a new trial having been overruled, Higdon prosecuted this appeal.

During the pendency of the appeal, Higdon filed suit in the Grayson circuit court to enjoin the judgment on the ground that it was void. The temporary injunction having been denied, a motion was made before the writer of this opinion to grant the same. Chief Justice Rees, Judge Thomas, and Judge Perry sat with me on

the hearing and concurred in an order overruling the motion on the ground that the judgment was not void, but was merely erroneous.

After the opinion in the injunction suit, the commonwealth of Kentucky and Higdon's committee moved the court to correct the judgment so as to adjudge that the mind of Higdon had and has on account of infirmity and weight of age become so unsound as to render him incompetent to manage his estate. The motion was sustained, and on January 13, 1934, the circuit court corrected the judgment so as to read as follows:

"Wherefore it is adjudged by the court that the mind of the defendant J. B. Higdon has on account of infirmity and weight of age become so unsound as to render him incompetent to manage his estate, and it is ordered that F. F. White be, and he is appointed, a committee to have the care and custody of the said J. B. Higdon and his estate."

A supplemental transcript setting out the judgment as thus amended has been tendered in this court, accompanied by a motion to file the same. That motion was passed to the merits for consideration.

As grounds for reversal, appellant insists that the judgment in this case, as it read at the time his appeal was taken, was void, in that the verdict of the jury did not comply with section 2155 of the Statutes, and hence no judgment could be entered thereon, and further the judgment as originally entered also did not comply with the requirements of section 2151 of the Statutes. By chapter 16 of the Acts of 1928, the exclusive jurisdiction of all inquests concerning the condition of the mind or mental faculties of persons is given to the circuit court, and that jurisdiction is now a part of the general jurisdiction of such courts. In the case of Sabin v. Commonwealth, 233 Ky. 636, 26 S. W. (2d) 506, we held that this act of 1928 did not repeal the provisions of sections 2151 or 2155 as they stood prior to the act of 1928 so far as the procedure in respect to the inquests therein provided was concerned. It is conceded that as a general rule a verdict may be read in the light of the instructions in the record and where indefinite may be eked out by such instructions and record. But it is contended that this rule has no application to a special proceeding such as here involved. The case of Menifee v. Ends, 97 Ky. 388, 30 S. W. 881, 17 Ky. Law Rep. 280, is

relied upon. In that case, the verdict and judgment were quite similar to the verdict and judgment here attacked, but there, had the verdict and judgment been read in the light of the instructions, they could not have been aided by those instructions, because those instructions authorized the jury to reach the result it did on any one or more of several grounds, and hence it was impossible to determine on what theory the jury had decided the case. In the instant case, however, the petition filed was grounded solely on unsoundness of mind due to infirmity and weight of age, and the instructions of the court submitted only that issue to the jury. So that it is very certain on what theory the jury reached the conclusion it did. We are unable to discover any logical reason why the verdict under the facts and circumstances of this case should not be read in the light of the record and instructions, even as the verdict is in ordinary common-law actions, nor why any different result should be reached than that under section 257 of the Criminal Code of Practice which requires a verdict of a jury in a criminal prosecution when the defendant is found guilty to fix the offense, the degree of the offense, and the punishment. As to this section, we held in the case of Hall v. Commonwealth, 207 Ky. 718, 270 S. W. 5, that a verdict finding the defendant guilty and fixing his punishment at death was sufficient, because in the light of the record and instructions the verdict could only have been reached because the jury found the defendant guilty of murder. We therefore conclude that the judgment as originally entered in the instant case was not void, but simply erroneous.

The failure of the trial court to enter the proper judgment on the verdict of the jury in the light of the record and instructions was a clerical misprision, which the lower court at any time on motion had the right to correct. In the case of Norton v. Sanders, 7 J. J. Marsh 12, the jury found the defendant guilty of a forcible detainer, but judgment was entered only for the costs and did not provide for restitution. On an appeal, the case was dismissed, as the judgment was only for costs. A motion was then made in the lower court to amend the judgment by adding a provision for restitution. This was done. Again there was an appeal. This court said:

"The appellant denies the power of the circuit court to amend, as it did, the judgment—complains of error in the exclusion of evidence introduced by

him, and in an instruction given to the jury on the trial.

"Whenever there is any thing to amend by, a court may, at a subsequent term, amend so as to effectuate, but not so as materially to alter or defeat a judgment which it actually gave at a preceding term. In this case the verdict and the law shew what the judgment should have been and what the court must be presumed to have intended that it should be: and the minute book shews that the court directed the clerk to enter a judgment on the verdict—such a judgment of course, as the law required.

"In such a case, such an amendment as that which has been made, is allowable by the statutes of 'amendment and jeofail' according to their practical construction. The omission to enter the judgment for restitution, must be deemed a clerical misprision which should be corrected, and not an error in the court which would not be amendable. Bacon states an analogous case when he says, 'In Ejectment, if the judgment is entered quod querens recuperet, the damage and costs, and not quod recaperet terminum, as the case is, this shall be amended.' "

So here the trial court had the right to amend the original judgment so as to effectuate a judgment which it actually gave on the holding of this inquest. The record, instructions, and verdict of the jury show what the judgment should have been and what the court must be presumed to have intended that it should be. The court at the time the verdict was rendered could have entered the judgment, as it has since been amended. If it could have done so at the time the verdict was rendered, it can do so thereafter, the failure to enter it properly simply being a clerical misprision.

Further, the judgment could be thus corrected for this clerical misprision even after the appeal therefrom to this court had been taken, and it was proper to file a supplemental transcript showing the correction in the lower court. In Speed's Ex'rs v. Hann, 1 T. B. Mon. 16, 15 Am. Dec. 78; a verdict of the jury found against the executors, and judgment thereon was rendered against them "de bonis propiis," when the judgment should have been "de bonis testatoris." An appeal was

taken from the judgment, and, while the appeal was pending, the plaintiff applied to the court below and obtained an order correcting the error, and then filed a supplemental transcript in this court showing the correction. In holding that this was properly done, this court said:

"Were the irregularity in entering the first judgment admitted to be an error in the judgment of the court, it would follow as a necessary consequence, that the court below possessed no competent authority to make the amendment; for that amendment was made at a term subsequent to that at which the original judgment was entered; and no principle is better settled, and none more amply supported by authority, than that which forbids courts amending or correcting errors in their own judgments, after the lapse of the term in which they were rendered.

"But if, instead of being an error in the judgment of the court, the irregularity in entering the first judgment be a clerical misprision, the principle is equally well settled, that it is amendable by the court of original jurisdiction, though a writ of error be sued out to the judgment in this court.

"And that the error in entering the judgment must be ascribed to the mistake of the clerk, and as such amendable, is fully established by the case of Short v. Coffin's Ex'r., 5 Burrow, 2730. That was a case in which the judgment had been entered against the executor de bonis propiis, and after a writ of error had been brought, and in nullo est erratum pleaded, and argument, the judgment was amended by making it de bonis testatoris.

"Whilst delivering the opinion of the court, Lord Mansfield observed, that 'this is not an error in the judgment of the court in point of law, but a mere mistake of the clerk;' and in support of that opinion, referred to a case in 2 Levi. 22, where the same principle had been adopted."

Practically the same question arose again in Smith's Ex'rs v. Todd's Ex'r, 3 J. J. Marsh, 298. The court there said:

"In 1816, Todd's executor sued Charles Smith, as administrator of John Smith, on a note executed by the intestate; and recovered a judgment. The

judgment was entered against C. Smith, as in his own right.

"In 1825, Thomas Townsend and James W. Smith, were qualified as the executors of C. Smith.

"In 1828, the judgment still remaining unsatisfied, the executors moved the court who rendered it, to correct it, so as to make it, as it should have been, a judgment against C. Smith in his fiducial character, to be levied 'de bonis testatoris.'

"The court overruled the motion; and the executors have prosecuted this writ of error with a supersedeas.

"That the judgment was erroneous will be admitted by all who have a knowledge of the law. The error was a misprision of the clerk.

"That it is amendable at a subsequent term, is equally undeniable. See [Short v. Coffin's Ex'r] 5 Burrows, 2730; and Speed v. Hann, 1 [T. B.] Mon. 16 [15 Am. Dec. 78].

"The executors had a right to make the motion.

"The amendment may be made, after writ of error shall be prosecuted to reverse the judgment.

"It may be made at any time whilst the judgment shall remain in force, and unsatisfied."

The ruling in Speed v. Hann, supra, was referred to and approved in Williams, Receiver, v. Thompson, etc., 80 Ky. 325.

The question was again before this court in Chambers v. Swango, 59 S. W. 20, 22 Ky. Law Rep. 923, and again was the rule in Speed's Ex'rs v. Hann followed.

The judgment as corrected fully complies with all the statutory requirements, and, this being so, it must be, and it is hereby, affirmed.

Whole court sitting.