## Spencer v. Martin Mining Co.

(Decided May 31, 1935.)

C. S. LANDRUM and J. B. CLARKE for appellant.

NAPIER & EBLEN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On June 25, 1920, the appellant and plaintiff below, Polly Spencer, gave a coal lease to certain lessees therein who assigned their rights thereunder, and it finally came into the hands of A. L. Martin, G. R. Martin, H. H. Stallard, Stallard Coal Company and Emma Cox Martin, and we gather from the record (the pleadings not being brought here) that they formed the corporation of Martin Mining Company, to which the lease was conveyed and mining operations prosecuted by it thereunder. At any rate, plaintiff filed her action in the Floyd circuit court against all of the above parties, except the Martin Mining Company (the fact of the existence of the corporation and its ownership of the lease, possibly not being known to her at the time), seeking a settlement of royalties which she alleged to be due her; and to also cancel the lease because of charged derelictions on the part of defendants. On August 12, 1932, she amended her petition and made the Martin Mining Company a party defendant, preferring against it the same charges and asked the same relief. Summons was issued against it thereon, and it, with the return of the officer showing that it was properly served, on August 20, 1932, is the first paper copied in this record. On October 1, 1932, which was the last day of the regular September term of the court, the cause was submitted against all of the defendants, including the Martin Mining Company, and judgment was rendered sustaining the prayer of plaintiff's petition in so far as she sought the cancellation of the lease, but dismissing it as to royalties she sought to recover, and to which both plaintiff and defendants excepted. On that day the regular term of the court was adjourned.

By section 965-31 of our present Kentucky Statutes (Supp. 1933), which was then in force, there is provided six regular terms of circuit court for Floyd county beginning, respectively, the first Mondays in January, April, May, June, September, and November, of each year. On January 2, 1933, defendant and appellee,

Martin Mining Company, entered motion to set aside
the judgment rendered against it at the September term,
and on October 1, 1932, upon the sole ground assigned
that "the case did not stand for trial [against it] at the
September term of court, the summons against the Mar-
tin Mining Company not having been served until the
27th day of August 1932, and in support of said motion
file herewith the affidavit of Marion Martin, Deputy
Sheriff of Floyd County, Kentucky." That entire af-
fidavit, excluding caption, signature, and jurat, is in
these words: "The affiant, Marion Martin, states that
he is a resident of Drift, Floyd County, Kentucky, and
acting as a deputy Sheriff of Floyd County, that he
executed a summon on the Martin Mining Company in
the amended petition of Polly Spencer dated the 12th
day of August, 1932. The true and correct date of
which the same summon was served on the Martin Min-
ing Company was August 27th, 1932." It was the only
evidence in support of the alleged ground for the
motion.

It was responded to by plaintiff, in which she put
in issue the date of the alleged belated service of the
summons on the Martin Mining Company, and relied on
the return of the officer thereon showing that it was
executed on August 20, 1932, and which if true would
destroy the avered premature entry of the judgment
against it. She furthermore resisted the motion in her
response because it came too late, since it sought the
correction of a clerical misprision arising from the pre-
mature entry of a judgment, as is shown by subdivision
1 of section 517 of the Civil Code of Practice, and which
section 519 of that Code expressly prescribes that the
motion seeking such a correction "can not be made after
the expiration of the first three days of the succeeding
term," which in this case was the regular November
term, 1932. During the same term at which the motion
was made (January, 1933), the regular judge of the
court, Hon. C. B. Wheeler, entered an order on its
records saying that he was "disqualified to preside over
said court at any further hearing of this cause," and
he therefore ordered that fact certified to the Chief Jus-
tice of this court for the appointment of a special judge,
and the motion was continued for that purpose. No
special judge was ever appointed, but on December 29,
1933, nearly twelve months after the motion was made

(and during which time no orders or steps with reference thereto were taken), the same judge, who by his records had said that he was disqualified from presiding in the cause, ordered that the motion be submitted, and he then sustained it and set aside the judgment of October 1, 1932, as to the defendant, Martin Mining Company, to which plaintiff excepted, followed by this appeal taken by her.

There are three questions presented by the appeal, which are: (1) Whether or not the regular judge should have considered the motion, after having said on his records that he was disqualified to do so, without some manifestation that his disqualification was removed? (2) Whether the affidavit of the officer, as worded, was sufficient to contradict the return made by him on the summons as having been executed on August 20, 1932, on the Martin Mining Company? and (3), whether, in any event, conceding that the judgment was prematurely rendered upon the theory that the summons was actually executed on the Martin Mining Company on August 27, 1932, instead of the date the return showed, the motion to set it aside was timely so as to authorize the court to consider it? Each of them is argued on this appeal; the plaintiff insisting on a negative answer to all of them. We will put aside question (1) without discussion, since we are confident that plaintiff's insistence as to the proper answer to questions (2) and (3) should be sustained, and which we will now proceed to demonstrate.

2. In considering question (2) it will be noted that the deputy sheriff nowhere in his affidavit denied that he executed the summons contained in the record on the Martin Mining Company in accordance with his return made thereon on August 20, 1932; his only statement being ''that he executed a summons on the Martin Mining Company'' on August 27, 1932, which so far as a negation of his serving one on it on August 20 prior thereto is worthless. Neither he in his affidavit, nor any one else, in any manner charged that the return showing that the summons was served on August 20, 1932, had in any manner been tampered with or otherwise mutilated whereby an alteration in the date of the service was attempted. It is no uncommon practice for more than one summons to be obtained against a litigant, and frequently both of them are served on him.

In the circumstances, it is plainly patent that the solemn act of an official return by an officer, whose duty it is to make it, cannot be overturned by the character of the only evidence therefor appearing in this record, and if the case depended on this question alone we would have no trouble in concluding that the court erred in sustaining the motion to set the judgment aside and in rendering the order appealed from, which is a final one for the purpose of appeal, since it deprived plaintiff of the benefit of a judgment which was a part of the final relief that she sought.

3. But, if question (2) were entirely eliminated from the case, then the order and judgment appealed from would still be erroneous, since the motion therefor was made long after "the first three days of the succeeding term" following the one at which the alleged premature judgment sought to be set aside was rendered, and which was contrary to the express provisions of section 519, supra, and our opinions construing and applying it. See Wingfield v. Cotton, 56 S. W. 813, 9 Ky. Law Rep. 275; Delker v. Evans, 67 S. W. 837, 23 Ky. Law Rep. 2451; Potter v. Potter, 101 S. W. 905, 31 Ky. Law Rep. 137; Brown's Adm'r v. Gabhart, 232 Ky. 336, 23 S. W. (2d) 551, and Riley v. Riley, 233 Ky. 134, 25 S. W. (2d) 59. Those cases and others found in the notes to section 516 and 519 of our Civil Code of Practice declare and adjudge that a prematurely entered judgment is not a void one; that its premature entry may be waived by the one against whom it was entered; and that such a waiver becomes complete if a motion to correct it is not made within the time prescribed by section 519, supra, of the Code. The cases in the notes to the first section mentioned (516) substantiate the fact that the order appealed from herein is a final one from which an appeal may be prosecuted. An entire intervening regular term of the Floyd circuit court was held after the judgment that was set aside was rendered before a motion therefor was made, and which intervening term was the regular November term, 1932, of that court.

But counsel for appellee, Martin Mining Company, seeks to avoid the conclusion we have expressed concerning the proper answer to question (3) by insisting that the judgment rendered at the October, 1932, term, which the court set aside at the January, 1934, term in

the order appealed from, was and is a void judgment, and therefore lifeless for any and all purposes, and renders it of no validity whatever (not even capable of resuscitation by waiver or any other act on the part of appellee), and which he contends differentiates this case from the one contemplated by section 519 of the Civil Code of Practice. Such conclusion on the part of counsel cannot, of course, be sustained on the theory that the judgment was merely prematurely rendered, since we have seen that such a judgment is not void and is capable of becoming final by an omission to take the proper steps to have it corrected. Therefore, counsel argue by a process of reasoning, which they appear to think is sound, to the effect that the affidavit of the sheriff in support of the motion to set aside the judgment conclusively shows that the summons against appellee was not served until August 27, 1932, and from that fact (but which as above pointed out is a false deduction) it should be concluded that the return on the summons showing that it was served on August 20, 1932, was and is a forgery, and as a consequence of that fact any judgment rendered against their client was void. That argument, even if sound, is in the face of the pleaded grounds for the motion to set aside the judgment, as well as in direct conflict with the order and judgment sustaining that motion, both of which say that the procedure was based exclusively upon the fact that the judgment rendered October 1, 1932, was prematurely done. No mention nor intimation is made in the motion to set it aside, nor in the order sustaining it that the judgment was void, and for which reason alone it would seem that appellee would be confined to the only ground alleged for the relief he sought.

But, independently of such consideration, we are unable to accept the reasoning employed by counsel in arriving at the conclusion that the judgment set aside was void. The premise for that conclusion has no factual basis. It rests only on surmise, also without factual basis. Moreover, if it were otherwise, and there existed evidence of a mutilation or alteration of the sheriff's return on the summons against appellee, with the affidavit of that officer showing that he did serve a summons on it on August 27, 1932, it would not follow that a judgment rendered on that return, though prematurely done, would be void.

' We, therefore, conclude that in no view of the case can the order appealed from be sustained, and the judgment embodying it is reversed, with directions to set it aside, and which will automatically restore the judgment of October 1, 1932.

The whole court sitting.