# Simms v. Veach.

April 23, 1948.

Wilbur Fields for appellant.

J. E. Hutchins, John O. Arnold and Sidney Baer for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

On February 10, 1947, judgment was entered in favor of appellee. Appeal was prosecuted to this court therefrom and an opinion rendered affirming that judgment, 209 S. W. 2d 732. That appeal is now pending here upon a petition for rehearing.

On February 17, 1948, the court below overruled a motion filed nunc pro tunc as of February 25, 1947, to set aside the judgment of February 10, 1947, on the

ground of clerical misprision. This appeal is from that judgment.

On motion of appellant this case was docketed with the case which is here on petition for rehearing. We, thus, have two judgments in this action, one of February 10, 1947, and the judgment entered February 17, 1948, nunc pro tunc as of February 25, 1947, from which this appeal was taken. The appeal from the first judgment concerns errors in the proceedings prior to judgment. This appeal presents for review error of the court in overruling the motion to set aside the judgment for clerical misprision. Note should be first taken of the manner in which the second judgment was obtained. As stated above, the first judgment was entered February 10, 1947. Appeal was taken therefrom and filed at the Spring Term of this court 1947. It will be noted that motion was made here to vacate the judgment on the ground of clerical misprision. The motion is predicated upon the fact that the judgment was prematurely entered as appears in the motion itself, as follows: "The judgment entered here in on February 10, 1947, was a clerical misprision, in that the action was not submitted for judgment on or prior to said date, and it was entered without notice or knowledge of either counsel for the plaintiff or counsel for the defendant in violation of the Rules of the Jefferson Circuit Court in force and effect at said time."

True, Paragraph 517 of the Civil Code of Practice defines the rendering of a judgment prematurely as a clerical misprision. Paragraph 519 of the Code tells how to correct misprision or vacate judgment and the time within which to make motion so to do. The proper method is by motion and there is no restriction or limitation as to the time in which a motion to correct misprision can be made. But the rule is otherwise when it comes to the matter of a motion to vacate a judgment because it was prematurely rendered. A judgment may be corrected for a clerical misprision even while an appeal is pending in the Court of Appeals from such judgment. Higdon v. Commonwealth, 257 Ky. 69, 77 S. W. 2d 400. But motion to set aside a judgment on the ground that it had been prematurely rendered must be made within the first three days of the succeeding term where there are terms. See Brown's Adm'r v. Gebhart,

232 Ky. 336, 23 S. W. 2d 551, and Spencer v. Martin Mining Co., 259 Ky. 697, 83 S. W. 2d 39. In courts having continuous session this may be done within three months after its rendition. KRS 451.130(2). It, therefore, becomes readily apparent that the court below, after having observed that the motion was for the vacation of judgment because same was prematurely rendered, have refused to entertain the motion at all. But having allowed the entry of the nunc pro tunc order, and overruled the motion, thereby in no way affecting the judgment, it must be affirmed. However, we will go a step further and say that on the merits of the cause we have carefully considered the questions raised by appellant in his brief. This action was tried pursuant to the procedure adopted in Jefferson County. The contentions made by appellant as to the "set slip" are without merit. It will be noted that in the "set slip" filed with the record, we find the following: "Submit on defendant's motion and to confirm Commissioner's report heretofore filed."

On February 10, 1947, the following order was entered: "This action coming on to be heard on plaintiff's exceptions to the Commissioner's Report, and the Court being advised, it is ordered that said exceptions be and the same are hereby overruled, and the Commissioner's Report confirmed."

Thus the cause was submitted and judgment entered under that submission. This we think meets with the requirements of procedure relative to submission of cases and entry of judgments under the practice rules as adopted and used in the Jefferson Circuit Court.

The judgment is affirmed.