**Isoline Campbell HOWELL, Plaintiff,**

v.

**Baxter BLEDSOE et al., Defendants.**

**No. 760.**

United States District Court
E. D. Kentucky.

Jan. 28, 1959.

Cleon K. Calvert, Pineville, Ky., Murray L. Brown and Roy E. Tooms, Jr., London, Ky., Calvert C. Little, London, Ky., for plaintiff.

Roy W. House, Manchester, Ky., Bruce Stephens, Jr., Hazard, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

This action is a collateral attack upon a judgment of the Circuit Court of Clay County Kentucky entered on December 9, 1940, pursuant to which plaintiff's interest in the minerals underlying a large acreage of land in Clay County, Kentucky, was sold to satisfy liens adjudged in favor of the Commonwealth of Kentucky for delinquent taxes.

Plaintiff, Isoline Campbell Howell, is a citizen of Georgia. Defendants are assignees or grantees of the purchaser at the judicial sale, or their heirs or grantees.

The action in the Clay Circuit Court in which the judgment was rendered was filed on September 24, 1940, pursuant to and under authority of section 17 of chapter 180 of the Acts of the General Assembly of Kentucky of 1940, which became effective a few months before the institution of the action.

Section 17 of chapter 180 of the 1940 Act, so far as here pertinent, provides as follows:

"When the Commonwealth has reason to believe that any sale heretofore or hereafter made by the sheriff or collector, under the authority of section 4149, Carroll's Kentucky Statutes, 1936 Edition, or under authority of said section as amended and re-enacted in section 2 of Chapter 21, Acts of the First Extra Session of the 1938 General Assembly; or any sale heretofore or hereafter made under the authority of section 4154, Carroll's Kentucky Statutes, 1936 Edition, or under authority of said section as amended and re-enacted in section 5 of Chapter 21, Acts of the First Extra Session of the 1938 General Assembly, is for any reason invalid, *such invalidity may be alleged in a proceeding to establish the lien provided for in section 4036, Carroll's Kentucky Statutes, 1936 Edition, and such action shall be brought on the relation of the Commissioner of Revenue, * * *.*" (Underscoring added).

Section 4036, Carroll's Kentucky Statutes, 1936 Edition, above referred to, provided that, whenever any person should purchase property sold for delinquent taxes and the sale was set aside, the purchaser should have a lien on the property for the amount of the taxes and costs paid by him, with interest, and further provided:

"Such lien may be enforced against such property by action as are other liens, at any time after the invalid sale but prior to the expiration of the lien by reason of limitation, whether the purchaser be the Commonwealth of Kentucky and other taxing districts or any other person, firm or corporation." See, Commonwealth ex rel. Martin v. Union Labor Temple, 279 Ky. 692, 695, 131 S.W. 2d 843, 845.

Named as defendants in the action instituted in the Clay Circuit Court were the plaintiff, whose name then was Isoline Campbell McKenna, her husband, her father and her uncle. However, the named defendants, besides the plaintiff, were either dead or had never had any interest in the minerals, and it is now stipulated that on September 24, 1940, the date the action was filed, plaintiff was sole owner of the mineral rights in question, and she was the only person chargeable with any taxes thereon, or with the duty of listing same for taxation.

On the basis of the Commonwealth's petition verified by the County Attorney of Clay County, as authorized by Carroll's Civil Code of Practice section 117, stating that the defendant, Isoline Campbell McKenna, was a non-resident of and believed to be absent from the state, a warning order was issued directing her to appear and defend within 30 days, and a regularly practicing attorney of the Clay Circuit Court was appointed Warning Order Attorney to notify defendant of the action. The report of the Warning Order Attorney shows he sent a letter of notice to the defendant (the plaintiff herein) to her address given in the petition, and that the letter was returned unclaimed. He reported that he had made a careful investigation of the case and that he could make no affirmative defense.

The petition of the Commonwealth set out the dates of prior sales of the mineral interests for taxes, all of which appear to have been sales by the sheriff; alleged that the sales were invalid for various reasons and should be set aside; asked that the sales be set aside and the Commonwealth adjudged liens in the amount for which it had bought in the mineral interests at each sale, and further asked that the liens so adjudged be foreclosed.

More than 60 days after the issuance of the warning order, a special term of the Clay Circuit Court was held, and on the fourth day of that term, December 9, 1940, the defendants having failed to answer, the court entered judgment against them by default.

It was adjudged that the tax sales for the years 1931, 1932, 1933, 1934, 1935, 1936, 1937 and 1938 were invalid and they were set aside. The Commonwealth was adjudged a lien in the amount for which it had bought in the mineral rights for each of those years, with interest from the date of sale and the costs. The judgment further directed that so much of the mineral interests as was necessary to satisfy the Commonwealth's claim be sold.

The total amount of the judgment in favor of the Commonwealth, including costs and interest from the date of each sale declared to be invalid, as computed by the Master Commissioner of the Clay Circuit Court was $5,661.93 and costs.

According to the report of the Master Commissioner, after duly advertising the property as to time, terms and place of sale as directed by the judgment, on January 6, 1941, the mineral interests in the land were sold by the Commissioner at public auction for $6,670 to the highest bidder, Clay M. Bishop, through whom the defendants herein acquired their interests. It appears from the record that the sale was for more than two-thirds of the appraised value of the minerals. The sale was confirmed by order of the court.

This is a civil action wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C.A. § 1332.

The judgment of the Clay Circuit Court, herein collaterally attacked, can be set aside only upon a showing that the Court was without jurisdiction of the person of the plaintiff or of the subject matter of the action.

■ In their original brief, counsel for plaintiff argued that she was not properly before the court in the Clay Circuit Court action for the reason that the warning order failed to strictly comply with section 57(7) Kentucky Civil Code of Practice in that it warned the defendants to appear and answer within 30 days from the entry of the warning order, rather than on the first day of the next term of court which did not commence within 60 days after the making of the order. Counsel for plaintiff now concede that the Practice Act of 1902 amended section 57(7), and that the provision of that act now embodied in Civil Code of Practice section 367a–6 providing that a warning order shall order a defendant to appear and defend within 30 days after entry of the order is controlling. The warning order was in strict compliance with Civil Code of Practice section 367a–6.

Counsel for plaintiff also contend that the petition of the Commonwealth verified by the County Attorney of Clay County was an insufficient affidavit upon which to base the issuance of a warning order because the petition does not contain a declaration to the effect that the defendant was believed to be absent from the state. Suffice it to say that the petition does contain such a declaration. It was apparently overlooked by counsel.

■ Counsel for plaintiff further argue that the judgment of the Clay Circuit Court is void because it was entered at a special term of court in violation of Section 367a–6 of the Civil Code of Practice which provides:

"As to parties constructively summoned and not answering as herein provided, the action whether at law or equity, shall stand for trial at the *first term of court which commences not less than sixty days after the warning order is entered.*" (Italics added).

The judgment entered at a special term of court, which began more than sixty days after the warning order was entered, seems to comply with the Code provision. By virtue of section 60 of the Civil Code of Practice, the court acquired jurisdiction of the person of the plaintiff upon the expiration of thirty days from the entry of the warning order, and according to section 517 of the Civil Code of Practice the entry of a judgment before the case stood for trial would not render the judgment void but constitutes only a clerical misprision which, under § 519 of the Civil Code of Practice, was waived unless corrected by timely motion at the next term of court. Spencer v. Martin Mining Co., 259 Ky. 697, 701, 83 S.W.2d 39.

■ Upon the authority of Paul v. Goins, 198 Ky. 679, 249 S.W. 1007, counsel for plaintiff further contend that because the mineral rights were assessed for each of the taxable years in question in the name of Campbell Coal Mining Company, the name by which plaintiff's father, from whom she acquired the property, carried on his business in Clay County, rather than in the name of the plaintiff, the sheriffs' sales were void and the Commonwealth as the purchaser acquired no right to liens upon the property on account thereof. While such irregular assessment may have resulted in rendering the sheriffs' sales ineffective to tranfer title to the property, we do not regard the case of Paul v. Goins as applicable or controlling upon the question as to the right of the purchaser to a lien on the property for the amount of taxes, penalties and costs paid. In Board of Drainage Commissioners of McCracken County v. Alexander, 235 Ky. 689, 691, 32 S.W.2d 22, 23, the Court said:

"* * * We have ruled in numerous cases that the purchaser at an invalid tax sale, though acquiring no title to the property, is entitled to a lien on the property for the amount of the taxes, interest, penalties, and costs, paid by him."

Invalidity of the sheriffs' tax sale is the basis for adjudication of the tax lien in favor of the purchaser under section 17 of chapter 180 of the 1940 Act.

In view of the statutory provision to which reference has been made, the plaintiff's contention that such irregular assessment destroys the purchaser's right

to be adjudged a lien for the amount of the tax is without merit.

The only remaining contention urged on behalf of plaintiff is that the sale under the judgment of the Clay Circuit Court was void because it was made for an amount in excess of the tax liens adjudged. The judgment appears to be for the costs taxable in the proceedings in addition to the debt adjudged. There is nothing in the record to show the amount of costs incurred in the action such as the advertising expense, allowance to the Master Commissioner and Warning Order Attorney for their services, and other incidental costs. In the absence of anything in the record to support plaintiff's claim in that respect, it must be presumed that the sale was not for an amount in excess of the debt, interest and costs.

For the reasons indicated, the plaintiff's challenge to the validity of the judgment and order of sale made and entered by the Circuit Court of Clay County, Kentucky, on December 9, 1940, and the validity of the sale made pursuant thereto should be denied and the complaint should be dismissed.

Let judgment be submitted for entry in conformity herewith.